**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
SKYE RESENDES (SBN 278511)
*skye@consumersadvocates.com*
ALEXIS M. WOOD (SBN 270200)
*alexis@consumersadvocates.com*
3636 4th Avenue, Suite 202
San Diego, California 92103
Telephone:   (619) 696-9006
Facsimile:   (619) 564-6665

**LAW OFFICES OF DOUGLAS J. CAMPION**
DOUGLAS J. CAMPION, ESQ. (SBN: 75381)
409 Camino Del Rio South, Suite 303
San Diego, California 92108
*doug@djampion.com*
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

*Attorneys for Plaintiff and the Proposed Class*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA BLAIR, on behalf of herself and all others similarly situated, | CASE NO.  `'13CV0134 W    WVG` |
| Plaintiff, | **CLASS ACTION** |
| vs. | **Complaint for Damages and Injunctive Relief Pursuant To The Telephone Consumer Protection Act, 47 U.S.C § 227 et seq.** |
| The CBE GROUP INCORPORATED, an Iowa Corporation | |
| Defendant. | **JURY DEMANDED** |

1

1

2

**INTRODUCTION**

3   1.      Linda Blair ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief,

4   and any other available legal or equitable remedies, resulting from the illegal actions of CBE

5   Group Incorporated ("Defendant"), in negligently, and/or willfully contacting Plaintiff through

6   telephone calls on Plaintiff's cellular telephones, in violation of the Telephone Consumer

7   Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy.  Plaintiff

8   alleges as follows upon personal knowledge as to her own acts and experiences, and, as to all

9   other matters, upon information and belief, including investigation conducted by her attorneys.

**JURISDICTION AND VENUE**

10

11  2.      Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff seeks up to $1,500 in

12  damages for each call in violation of the TCPA, which, when aggregated among a proposed class

13  number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction.

14  Further, Plaintiff alleges a national class, which will result in at least one class member

15  belonging to a different state than that of Defendant, providing jurisdiction under 28 U.S.C.

16  Section 1332(d)(2)(A).  Therefore, both elements of diversity jurisdiction under the Class Action

    Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

17

18  3.      Venue is proper in the United States District Court for the Southern District of California

19  pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendant, an Iowa corporation, is, and at

    all times herein mentioned was, doing business in the County of San Diego, State of California.

20

**PARTIES**

21  4.      Plaintiff Linda Blair is, and at all times mentioned herein was, a citizen and resident of

22  the State of Indiana.  Plaintiff is, and at all times mentioned herein was a, "person" as defined by

23  47 U.S.C. § 153 (32).

24  5.      Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all

25

26

27

28

times mentioned herein was, a corporation.  All of its members are believed to be citizens of the State of Iowa with its principal place of business at 1309 Technology Parkway, Cedar Falls, IA, 50613.

6.      Defendant is therefore a citizen of Iowa for diversity purposes.  Defendant is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (32). Defendant provides debt collection services and collects on those debts through the use of telephone calls.  Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in County of San Diego, and within this judicial district.

### FACTUAL ALLEGATIONS

7.      In  or about September, 2012,  Plaintiff Linda Blair received an autodialed call to her cellular phone, for which Plaintiff provided no prior express consent to call.  Plaintiff Linda Blair has received many other such phone calls to her cell phone, from September 2012 to the present, from Defendant.

8.      Defendant used an automatic telephone dialing system which had the capacity to produce or store and dial numbers randomly or sequentially, to place telephone calls to Plaintiff's cellular telephone and/or used an artificial or pre-recorded voice message system, to place telephone calls to Plaintiff's cellular telephone.

9.      The telephone numbers that the Defendant, or its agents, called were  assigned to cellular telephone service for which Plaintiff incurred a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

10.      None of Defendant's telephone calls placed to Plaintiff were for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

11.      Plaintiff did not provide Defendant or its agents prior express consent to receive telephone calls to her cellular phones pursuant to 47 U.S.C. § 227 (b)(1)(A).

12.      These phone calls by Defendant or its agents therefore violated 47 U.S.C. § 227(b)(1).

/ / /

/ / /

## CLASS ACTION ALLEGATIONS

13.      Plaintiff brings this action on behalf of all persons within the United States who received any unsolicited phone calls, from Defendant or their agents on their paging service, cellular phone service, mobile radio service, radio common carrier service, or other service for which they were charged for the call, through the use of any automatic telephone dialing system as set forth in 47 U.S.C. Section 227(B)(1)(A)(3) or artificial or prerecorded voice, which phone calls by Defendant or its agents were not made for emergency purposes or with the recipients' prior express consent, within the four years prior to the filing of this Complaint.

14.    Defendant and its employees or agents are excluded from the Class.  Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds of thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

15.    Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using unsolicited telephone messages, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members.  Plaintiff and the Class members were damaged thereby.

16.    This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

17.    The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.  The Class can be identified through Defendant's records or Defendant's agents' records.

18.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

a)      Whether, within the four years prior to the filing of this Complaint, Defendant or its agents placed telephone calls without the recipients' prior express consent  (other than a telephone call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system to any telephone number assigned to a cellular telephone service;

b)      Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

c)      Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

28.     As persons that received at least one unsolicited telephone call without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class.  Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

29.     Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.  Absent a class action, the Class will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.  Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

30.     Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

31.     A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims

*Blair v. CBE Group Inc.*
CLASS ACTION COMPLAINT

against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

32.     Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

FIRST CAUSE OF ACTION

NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

47 U.S.C. § 227 ET SEQ.

33.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34.     The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

35.     As a result of Defendant's, and Defendant's agents', negligent violations of 47 U.S.C. § 227 et seq, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

36.     Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

SECOND CAUSE OF ACTION<br>KNOWING AND/OR WILLFUL VIOLATIONS OF THE<br>TELEPHONE CONSUMER PROTECTION ACT<br>47  U.S.C. § 227 ET SEQ.

37.     Plaintiff incorporates by reference the above paragraphs 1 through 32, inclusive, of this Complaint as though fully stated herein.

38.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing

and /or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

39.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

40.     Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

41.     As a result of Defendant's and Defendant's agents' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself  and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

42.     Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

43.     Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

44.     As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

45.     Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

/ / /

/ / /

/ / /

*Blair v. CBE Group Inc.*
CLASS ACTION COMPLAINT

1

**TRIAL BY JURY**

2   46.     Pursuant to the seventh amendment to the Constitution of the United States of America,

3   Plaintiff is entitled to, and demand, a trial by jury.

4

Dated:        January 16, 2013

5   /s/Ronald A Marron

6   **LAW OFFICES OF RONALD A. MARRON, APLC**

7   RONALD A. MARRON
SKYE RESENDES

8   ALEXIS M. WOOD
3636 4th Avenue, Suite 202

9   San Diego, California 92103
Telephone: (619) 696-9006

10   Facsimile: (619) 564-6665

11   *Attorneys for Plaintiff and the Proposed Class*

12   **LAW OFFICES OF DOUGLAS J. CAMPION**

13   DOUGLAS J. CAMPION
409 Camino Del Rio South, Suite 303

14   San Diego, CA 92108
Telephone: (619) 299-2091

15   Facsimile: (619) 858-0034

16

17

18

19

20

21

22

23

24

25

26

27

28

8

*Blair v. CBE Group Inc.*
CLASS ACTION COMPLAINT