UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| LINDA BLAIR,<br><br>　　　　　　　　Plaintiff,<br>vs.<br><br>THE CBE GROUP<br>INCORPORATED,<br><br>　　　　　　　　Defendant. | NO. 13-CV-134-MMA(WVG)<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS<br><br>[Doc. No. 7] |
|---|---|

Defendant The CBE Group Incorporated ("CBE Group") moves to dismiss the Complaint on several grounds pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6). The Court finds the matter suitable for decision on the papers, without oral argument, pursuant to Local Civil Rule 7.1  CBE Group's motion is **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

Plaintiff Linda Blair, a resident of Indiana, sues on behalf of herself and a putative class of others similarly situated.  CBE Group is an Iowa corporation engaged in the debt collection business with its principal place of business in Iowa.

Commencing in September 2012, Blair alleges she received, without her consent, numerous "autodialed" telephone calls to her cellular telephone for which she alleges she incurred charges.  Blair alleges CBE Group "used an automatic dialing system which had the capacity to produce or store and dial numbers

randomly or sequentially, to place telephone calls to [her] cellular telephone and/or used an artificial or pre-recorded voice message system, to place telephone calls to [her] cellular telephone."

Blair brings two claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227, *et seq.*, for (1) negligent violations of the TCPA and (2) knowing or willful violations of the TCPA.

CBE Group now moves the Court for dismissal on six grounds: (1) improper venue; (2) the TCPA was not intended to prohibit debt collection calls; (3) Blair does not sufficiently allege the use of an automatic telephone dialing system; (4) CBE Group does not use an automatic telephone dialing system; (5) Blair has not sufficiently alleged she was charged for any call; and (6) debt collection TCPA suits are not suitable for class action status.

## II.  LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations, brackets, and citations omitted).

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). In determining the propriety of a Rule 12(b)(6) dismissal, generally, a court may not look beyond the complaint for additional facts. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998).

### III. DISCUSSION

#### A. Improper Venue

The general venue rules in 28 U.S.C. § 1391 govern private TCPA action. *See Mims v. Arrow Fin. Servs.*, LLC, 565 U.S. ____, 132 S. Ct. 740, 750 n.11 (2012). As relevant to this action, section 1391 provides that a civil action may be brought in "(1) a judicial district in which any defendant resides . . . ; or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(2). A corporation is "deemed to reside . . . in any judicial district in which [the corporation] is subject to the court's personal jurisdiction . . . ." 28 U.S.C. § 1391(c)(2).

Once the propriety of venue is challenged pursuant to Rule 12(b)(3), the plaintiff bears the burden of proving that venue is proper. *Munns v. Clinton*, 822 F. Supp. 2d 1048, 1079 (E.D. Cal. 2011) (citing *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979)). When considering a motion to dismiss for improper venue, a court need not accept the pleadings as true and may consider facts outside of the pleadings. *Doe 1 v. AOL, LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009). The decision to dismiss for improper venue, or alternatively to transfer venue to a proper court, is a matter within the sound discretion of the district court. *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

Here, Plaintiff has not satisfied her burden to establish that venue is proper in the Southern District of California. First, none of the acts or omissions giving rise to

1  Blair's claims occurred in this District.  The calls to Blair were placed from Iowa,
2  and Blair received the calls in Indiana.  Because these activities did not involve, or
3  occur in, the Southern District of California, Plaintiff has not established that venue
4  is proper in this District pursuant to section 1391(b)(2).  *See generally Shell v. Shell*
5  *Oil Co.*, 165 F. Supp. 2d 1096, 1107 n.5 (C.D. Cal. 2001)  ("Notwithstanding the
6  relaxation of venue and personal jurisdiction requirements as to unnamed members
7  of a plaintiff class, it is by now well settled that these requirements to suit must be
8  satisfied for *each and every named plaintiff* for the suit to go forward") (emphasis in
9  original).

10  However, venue may still be proper in this District if CBE Group "resides"
11  here.  At present time, the Court lacks sufficient basis to conclude CBE Group
12  resides in this District.  On the one hand, it appears CBE Group has in the past
13  directed some of its activities to individual residents of this District as evidenced by
14  the cases filed by individuals who reside here.  *See Rodriguez v. CBE Group*
15  *Incorporated, The*, No. 12-CV-1969-CAB(WMC) (plaintiff resided in San Diego
16  County); *Fehrenbach v. CBE Group, Inc., The*, No. 12-CV-2200-IEG(RBB)
17  (plaintiff resided in Escondido, CA, within San Diego County).  These cases at the
18  very least evidence some level of "purposeful direction" such that the Court
19  potentially may have personal jurisdiction over CBE Group for purposes of venue.
20  However, that CBE Group directed its activities at two residents of this District is
21  insufficient basis to find that CBE Group's contacts in this District are "substantial"
22  or "continuous and systematic."  *See Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*,
23  223 F.3d 1082, 1087 (9th Cir. 2000) (citing *Helicopteros Nacionales de Colombia,*
24  *S.A. v. Hall*, 466 U.S. 408, 415 (1984), *overruled in part on other grounds by*
25  *Yahoo! Inc. v. La Ligue Contre Le Racisme et L'Antisemitisme*, 433 F.3d 1199, 1206
26  (9th Cir. 2006) (*en banc*).  Consequently, the Court lacks sufficient basis to conclude
27  that it has either specific or general jurisdiction over CBE Group for venue purposes.
28

Accordingly, the Court **GRANTS** CBE Group's motion to dismiss for improper venue. However, the Court **GRANTS** Plaintiff leave to conduct limited jurisdictional discovery because at least some evidence exists that CBE Group directed its activities to residents of this District. *See generally Phillips v. Hernandez*, 2012 U.S. Dist. LEXIS 150361, at *17-18 (S.D. Cal. Oct. 18, 2012) (discussing standard for permitting limited jurisdictional discovery).

**B.     The TCPA Applies To Debt Collectors**

Relying on extensive legislative history and statutory construction arguments, CBE Group next argues that the TCPA categorically does not apply to debt collection calls. However, it is clear that the TCPA *may* apply to TCPA claims under the right circumstances. *See Lee v. Credit Mgmt., LP*, 846 F. Supp. 2d 716, 728 (S.D. Tex. 2011) ("Defendant leads with the argument that the TCPA does not apply to its debt collection activities. This argument is not well-taken. In a declaratory ruling, one to which the Court will defer, the FCC determined that debt collectors, such as Defendant, can be responsible for any violation of the TCPA.") (citing *In re Rules Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd 559, 562 (F.C.C. 2007).); *Meyer v. Portfolio Recovery Assocs.*, LLC, 2011 U.S. Dist. LEXIS 156610, at *10 n.6 (S.D. Cal. Sept. 14, 2011); *Robinson v. Midland Funding*, LLC, 2011 U.S. Dist. LEXIS 40107, at *13 (S.D. Cal. Apr. 13, 2011) ("The FCC has already issued a declaratory ruling stating debt collectors who make autodialed or prerecorded calls to a wireless number are responsible for any violation of the TCPA."); *see also Mims v. Arrow Fin. Servs.*, 565 U.S. ___, 132 S. Ct. 740, 746, 748 (2012) (holding federal district courts have jurisdiction over private TCPA actions in a case involving debt collection agency). It may very well turn out that CBE Group's specific activities are exempt from the TCPA based on the two exemptions the Federal Communications Commission has allowed, *see Martinez v. Johnson*, 2013 U.S. Dist. LEXIS 35826, at *41 (D. Utah Mar. 14, 2013); *Sussman v.*

1  *I.C. Sys.*, 2013 U.S. Dist. LEXIS 31721, at *10-11 n.2 (S.D.N.Y. Mar. 6, 2013), but
2  the issue presently before the Court is whether the TCPA categorically "does not
3  apply to debt collectors." [*See* Doc. No. 7-1 at 7:25.]  The TCPA may apply to debt
4  collectors who do not fall under the FCC's two exemptions.  Accordingly, the Court
5  **DENIES** CBE Group's motion to dismiss on the basis that the TCPA does not apply
6  to CBE Group's debt collection activities.[1]

7  **C.     Whether Plaintiff Has Sufficiently Alleged a TCPA Claim**

8       CBE Group next argues that Plaintiff fails to sufficiently allege a TCPA claim
9  because the claim is couched in conclusory facts that track the elements of the claim
10 and because CBE Group's "technology does not have the capacity to generate
11 numbers randomly because it does not have any type of number generator."

12      The Ninth Circuit Court of Appeals has stressed:  "When evaluating the issue
13 of whether equipment is an [automatic telephone dialing system ("ATDS")], the
14 statute's clear language mandates that the focus must be on whether the equipment
15 has the *capacity* 'to store or produce telephone numbers to be called, using a random
16 or sequential number generator.'"  *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d
17 946, 951 (9th Cir. 2009) (emphasis in original).  Thus, the issue is not whether CBE
18 Group *used* an ATDS, but whether its equipment had the requisite *capacity*.

19      CBE Group proffers the declaration of Michael L. Frost, CBE Group's Senior
20 Vice President and General Counsel, who declares that CBE Group "does not
21 employ calling technology that has the capacity to general numbers randomly or
22 sequentially because it does not have any type of number generator."  [Doc. No. 7-2
23 ¶ 4.]  As an initial matter, the Court questions whether Mr. Frost has the requisite
24 technical expertise to make statements on features of CBE Group's technology.  Mr.
25 Frost's declaration certainly does not provide any basis for his ability to make the

---

27     [1] Because the Court resolves this issue without reference to the numerous legislative
materials proffered in support of this argument, the Court **DENIES AS MOOT** CBE Group's
28 request for judicial notice.

above statement. In any event, because this evidence is extraneous to the Complaint, the Court may not consider it when ruling on a motion to dismiss without converting the motion into a summary judgment motion, Fed. R. Civ. P. 12(d), which the Court declines to do. Whether CBE Group's calling technology has the requisite capacity for TCPA purposes is a factual question that is not properly resolved without formal discovery or at this stage of the proceedings.

With respect to CBE Group's employment of an ATDS, Plaintiff alleges: "Defendant used an automatic telephone dialing system which had the capacity to produce or store and dial numbers randomly or sequentially, to place telephone calls to Plaintiff's cellular telephone and/or used an artificial or pre-recorded voice message system, to place telephone calls to Plaintiff's cellular telephone." [Compl. ¶ 8.] As other Courts have found, the above allegation is sufficient under Rule 8's pleading standard. *See, e.g.*, *Hickey v. Voxernet LLC*, 887 F. Supp. 2d 1125, 1129-30 (W.D. Wash. 2012); *In re Jiffy Lube Int'l, Inc.*, 847 F. Supp. 2d 1253, 1260 (S.D. Cal. 2012); *Lozano v. Twentieth Century Fox Film Corp.*, 702 F. Supp. 2d 999, 1010-11 (N.D. Ill. 2010); *Robinson v. Midland Funding, LLC*, 2011 U.S. Dist. LEXIS 40107, at *8-9 (S.D. Cal. Apr. 13, 2011). CBE Group's motion to dismiss is **DENIED** insofar as it argues Plaintiff has failed to sufficiently allege the use of a an "ATDS" within the meaning of the TCPA.

**D.      Whether Plaintiff Has Sufficiently Alleged Injury**

In cursory fashion, CBE Group argues that Plaintiff has failed to allege any injury because she has not sufficiently alleged she was charged for any call from CBE Group. As Plaintiff aptly points out, other courts have considered and rejected this very argument. *See, e.g.*, *Lozano v. Twentieth Century Fox Film Corp.*, 702 F. Supp. 2d 999, 1009-10 (N.D. Ill. 2010) ("The Court therefore finds that the plain language of the TCPA does not require Plaintiff to allege that he was charged for the relevant call at issue in order to state a claim pursuant to § 227."); *Agne v. Papa*

1 *John's Int'l*, 286 F.R.D. 559, 571 (W.D. Wash. 2012) ("[C]lass members are not
2 required to show that they were charged for the text message advertisements they
3 received."); *Gutierrez v. Barclays Grp.*, 2011 U.S. Dist. LEXIS 12546, at *6 (S.D.
4 Cal. Feb. 9, 2011) ("Plaintiffs need not show that they were charged for . . . text
5 messages to their cellular phones to prevail on their TCPA claims."). Because
6 Plaintiff need not allege she was charged for the calls she received, CBE Group's
7 motion is **DENIED** insofar as it seeks dismissal on this basis.

8 **E.   Class Action Allegations**

9   Finally, CBE Group asks the Court to strike the class allegations in the
10 Complaint because individual findings of fact predominate. The Court agrees with
11 Plaintiff that CBE Group's request amounts to a premature effort to defeat class
12 certification. Moreover, the fact that other courts have certified classes in TCPA
13 actions indicates that TCPA claims may be amenable to class treatment once the
14 issue is properly before the Court. *See, e.g.*, *Meyer v. Portfolio Recovery Assocs.*,
15 LLC, 707 F.3d 1036 (9th Cir. 2012) (affirming district court's provisional
16 certification of class); *Agne v. Papa John's Int'l*, 286 F.R.D. 559 (W.D. Wash.
17 2012); *Vandervort v. Balboa Capital Corp.*, 287 F.R.D. 554 (C.D. Cal. 2012); *see*
18 *generally Gomez v. Campbell-Ewald Co.*, 805 F. Supp. 2d 923, 931 (C.D. Cal. 2011)
19 ("As TCPA is silent on the subject of class relief, this Court must presume its
20 availability."). At this stage of the proceedings, the Court cannot say that TCPA
21 claims are generally unsuitable for class treatment. Nor is this the rare case where
22 the pleadings indicate that the class requirements cannot possibly be met. *See In re*
23 *Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 615-16 (N.D. Cal.
24 2007) (denying motion to dismiss class allegations prior to appropriate discovery,
25 despite "suspicious" class definition in the pleadings). Accordingly, CBE Group's
26 motion is **DENIED** insofar as it asks the Court to strike the class action allegations
27 in the Complaint.

28

**F.     Transfer to the Eastern District of California**

On April 29, 2013, CBE Group filed a notice of related cases, in which it listed two potential related cases in this District and the Eastern District of California. In the notice, CBE Group briefly asks the Court to transfer the instant case to the Eastern District of California. However, the proper way to ask for such a transfer is through a noticed motion for transfer of venue. The Court declines to consider this matter without formal briefing. In any event, the case in the Eastern District of California has since been transferred to the District of Colorado.

## IV.    CONCLUSION

CBE Group's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. Accordingly, the Complaint is **DISMISSED with leave to amend**. Plaintiff is granted leave to conduct limited discovery for the purpose of establishing the propriety of venue in the Southern District of California. Discovery shall be limited to seven (7) special interrogatories, seven (7) requests for admission, and five (5) requests for production of documents. Plaintiff shall file a First Amended Complaint **no later than July 31, 2013**, which date may be extended upon request based on the status of jurisdictional discovery.

**IT IS SO ORDERED.**

DATED: May 13, 2013

Hon. Michael M. Anello
United States District Judge