1  Sean P. Flynn (SBN 220184)
   sflynn@foleymansfield.com
2  M. Amadea Groseclose (SBN 267091)
   mgroseclose@foleymansfield.com
3  **FOLEY & MANSFIELD, PLLP**
   300 South Grand Avenue, Suite 2800
4  Los Angeles, CA  90071
   Telephone:   (213) 283-2100
5  Facsimile:   (213) 283-2101

6  Attorneys for
   **THE CBE GROUP, INC.**
7

8                  **UNITED STATES DISTRICT COURT**

9                  **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 | LINDA BLAIR on behalf of herself and all others similarly situated, | Case No: 13-cv-00134-MMA-WVG |
12 | | |
13 | Plaintiff, | **OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION.** |
14 | vs. | |
15 | THE CBE GROUP INCORPORATED, an Iowa corporation, | |
16 | | |
17 | Defendant. | |

18
19  \\\
20  \\\
21  \\\
22  \\\
23  \\\
24  \\\
25  \\\
26  \\\
27  \\\
28  \\\

Defendant The CBE Group, Inc. (hereinafter "CBE") submits the following Opposition to Plaintiff's Ex Parte Application.

## I. BACKGROUND:

On May 13, 2013, this Court granted, in part, CBE's motion to dismiss. *Order*, Docket # 14. The Court also granted leave to conduct limited discovery on jurisdiction. *Id.* at 05:01-05; and 09:12-15. The Court further Ordered that Plaintiff had until July 31, 2013, or 79 days, to file a First Amended Complaint. *Id.* at 09:15-17.

On June 11, 2013, 29 days later, Plaintiff mail served its first set of written requests. *Flynn Decl.*, ¶ 2. Responses were due on or before July 15, 2013. *Id.* at ¶ 3.

On July 10, 2013, 5 days before responses were due, CBE mail served its responses. *Id.* at ¶ 4.

On July 15, 2013, Plaintiff's Counsel requested a meet and confer take place on July 22, 2013, 70 days after the Court's Order. *Id.* at ¶ 5.

On July 17, 2013, Defense Counsel advised he was available for a telephonic meet and confer on July 22nd, or as early as July 18, 2013. *Id.* at ¶ 6.

On July 22, 2013, the telephonic meet and confer took place. *Id.* at ¶ 7.

## II. THERE IS NO NEED FOR A CONTINUANCE:

The sole purpose for Plaintiff being granted leave to conduct jurisdictional discovery was to determine if CBE was subject to the personal jurisdiction of the Southern District of California. On July 23, 2013, CBE offered to stipulate to personal jurisdiction in the Southern District of California for purposes of this case.[1] *Id.* at ¶ 8. Thus, since there is no argument over personal jurisdiction, there is no need for a 75 day continuance to file the First Amended Complaint.

---

[1] Respectfully, CBE did not argue in its Motion to Dismiss that it was not subject to the personal jurisdiction of the Southern District of California. Rather, the issue presented was that this case was filed in an improper venue because all of the complained of events, parties, witnesses, and evidence are located outside of California; making the Southern District of California an inconvenient forum for the parties, the Court, and the Jury.

### III. **PLAINTIFF HAS NOT ESTABLISHED GOOD CAUSE:**

Plaintiff is requesting a 75 day continuance, or another two and a half months to file a First Amended Complaint. Plaintiff has failed to establish any good cause for such a lengthy continuance, or any continuance for that matter.

As Plaintiff admits, Defendant has admitted that: 1) it conducts business in; 2) has collected money from the residents of; and 3) directs telephone calls to residents of the Southern District of California. *Ex Parte Application*, Docket 17-1, 02:10-14. Moreover, CBE has offered to stipulate to personal jurisdiction. Thus, there is no dispute over jurisdiction, and there simply is no need for any further delay in this case.

Furthermore, while Plaintiff's Counsel has gone to great lengths to characterize CBE's responses as deficient boilerplate objections and refusals to provide information or documents, Plaintiff fails to describe the breadth of the requests. Often, the truth of one's contention can be deduced from their omissions.

If Plaintiff's Counsel had described the breadth of the requests the Court would have seen that Plaintiff's Counsel asked for the names, addresses, telephone numbers, and credit balances of every resident in the Southern District of California that CBE tried to contact, did contact, or from whom it did collect any money and how much for the past ten years. *Flynn Decl.*, ¶ 9. Also, the Court would have seen requests for CBE's financial information, what credit originators it has done business with, the contracts with those entities, and how much debt those entities asked CBE to attempt to collect from residents of the Southern District of California for the past ten years. *Id.* at ¶ 10.

These requests were not narrowly tailored to discover information about jurisdiction. These requests were impermissibly aimed at Class and Merits Discovery. Moreover, they called for the disclosure of confidential financial information.

This scatter gun approach to the limited purpose Plaintiff was granted leave to conduct discovery is simply improper, and Plaintiff has established no good cause to grant a continuance to file a First Amended Complaint based on these facts.

\\\

## IV. STANDARDS FOR EX PARTE APPLICATIONS:

"Ex parte applications are <u>not</u> intended to save the day for parties who have failed to present requests when they should have." *Mission Power Eng'g Co. v. Continental Gas. Co.*, 883 F. Supp. 488, 493 (C.D. Cal. 1998)(quoting *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989)(emphasis added)). "Lawyers must understand that filing an ex parte motion, whether of the pure or hybrid type, is the forensic equivalent of standing in a crowded theater and shouting, 'Fire!' There had better be a fire." *Id*. at 492.

Here, the Court gave Plaintiff over two and a half months to conduct very specific Discovery. Plaintiff contends that Counsel spent over one-third of that time formulating how to craft 19 requests that conformed to the Court's Order. As discussed above, Plaintiff did not engage in narrowly tailored Discovery. Rather, Plaintiff engaged in a scatter gun approach to Discovery. The requests themselves are more indicative of an attorney who waited till the last minute and then hastily drafted requests. Ex Parte relief should be denied.

## V. CONCLUSION:

As discussed above, CBE has offered to stipulate to personal jurisdiction in the Southern District of California for the purposes of this case. Thus, there is no need for a continuance. Moreover, Plaintiff's failure to establish good cause for a continuance, and Plaintiff Counsels' failure to act diligently relative to the jurisdictional discovery call for a denial of this Ex Parte Application. CBE respectfully requests that the Court deny Plaintiff's Application.

Dated:  July 23, 2013               **FOLEY & MANSFIELD, PLLP**

By:  */s/ Sean P. Flynn*
      Sean P. Flynn
      M. Amadea Groseclose
      Attorneys for Defendant
      THE CBE GROUP, INC.