# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA BLAIR and DIANE DEAL on behalf of themselves and all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br>　　v.<br><br>CBE GROUP INC.,<br><br>　　　　　　　Defendant. | No. 13-CV-134-MMA (WVG)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>[Doc. No. 26]<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STRIKE**<br><br>[Doc. No. 25] |

Defendant CBE Group Incorporated ("Defendant") moves to dismiss Plaintiffs' First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court found this matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. Having considered the parties' submissions, and for the reasons stated below, the Court **DENIES** Defendant's motion to dismiss and **DENIES** Defendant's motion to strike.

//

//

//

# BACKGROUND

## A. Facts[1]

Commencing in September 2012, Plaintiff Linda Blair received, without her consent, numerous "autodialed" telephone calls to her cellular telephone and incurred charges for these calls. [Doc. No. 23 ("First Am. Compl.") ¶ 12.] According to Blair, Defendant "used an automatic dialing system which had the capacity to produce or store and dial numbers randomly or sequentially, to place telephone calls to [her] cellular telephone and/or used an artificial or pre-recorded voice message system, to place telephone calls to [her] cellular telephone." [*Id.* ¶ 13.]

Since January 2013, Plaintiff Diane Deal has received numerous calls from Defendant, sometimes up to 20 calls per day, to her cell phone from an "automatic telephone dialing system." [*Id.* ¶¶ 19, 20.] Each call she received was by a prerecorded voice, and she incurred charges for these call. [*Id.* ¶¶ 19, 21.] Plaintiff Deal had not provided prior express consent. [*Id.* ¶ 19.]

## B. Procedural History

On January 16, 2013, Blair, a resident of Indiana, filed the original Complaint on behalf of herself and a putative class of others similarly situated against Defendant. [Doc. No. 1.] Blair brought two claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227(b)(1)(A)(iii), for (1) negligent violations of the TCPA, and (2) knowing or willful violations of the TCPA. Defendant, an Iowa corporation, engages in the debt collection business with its principal place of business in Iowa.

On March 8, 2013, Defendant moved to dismiss the Complaint on several grounds pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6). [Doc. No. 7.] On May 13, 2013, the Court granted Defendant's motion to dismiss for

---

[1] The Court assumes the truth of all facts as alleged in the First Amended Complaint. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337–38 (9th Cir. 1996).

improper venue and permitted Plaintiff to conduct limited jurisdictional discovery regarding whether venue is proper in the Southern District of California.[2] [Doc. No. 14 at 5.] In the same Order, the Court denied Defendant's motion to dismiss on other grounds, finding the TCPA may apply to Defendant's debt collection activities. [*Id.* at 6.] The Court also found that Plaintiff Blair sufficiently alleged the use of an "autodialer" within the meaning of the TCPA and sufficiently alleged injury.[3] [*Id.*] Finally, the Court denied Defendant's request to strike class action allegations in the Complaint. [*Id.*]

On August 6, 2013, Plaintiffs, on behalf of themselves and a putative class of others similarly situated, filed the operative First Amended Complaint against Defendant under the same TCPA provisions for (1) negligent violations of the TCPA, and (2) knowing or willful violations of the TCPA. [First Am. Compl. ¶¶ 39–40.] The First Amended Complaint added co-Plaintiff Diane Deal, a resident of California. [*Id.* ¶ 6.]

Defendant now moves for dismissal on two grounds,[4] contending that (1) the TCPA was not intended to cover debt collection calls, and (2) Defendant's debt collection calls fall within two recognized exemptions to the TCPA. Defendant also moves to strike the addition of Plaintiff Diane Deal from the First Amended Complaint. [Doc. No. 25.]

//
//

---

[2] Defendant has since conceded that the Southern District of California is a proper venue. [Doc. No. 22.]

[3] To the extent Defendant raises this issue again in its reply, the Court has already found that Plaintiffs sufficiently allege the use of an autodialer.

[4] Defendant has withdrawn two grounds for dismissal relating to (1) Defendant's alleged use of an automatic telephone dialing system, and (2) Plaintiffs' inability to demonstrate incurring charges for any call. [Doc. No. 27.] Defendant additionally withdraws its request to strike the class action allegation from the First Amended Complaint. *Id.*

## LEGAL STANDARD

### A. *Motion to Dismiss*

A Rule 12(b)(6)[5] motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations, brackets, and citations omitted).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill*, 80 F.3d at 337–38. Legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). In determining the propriety of a Rule 12(b)(6) dismissal, generally, a court may not look beyond the complaint for additional facts. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

### B. *Motion to Strike*

Rule 12(f) provides that a court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The function of a motion to strike is to avoid the unnecessary expenditures that arise throughout litigation by dispensing of any spurious issues prior to trial. *Chong v. State Farm Mut. Auto. Ins. Co.*, 428 F. Supp. 2d 1136, 1139

---

[5] All future rule references are to the Federal Rules of Civil Procedure unless otherwise noted.

(S.D. Cal. 2006); *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th. Cir 1983). Rule 12(f) motions "are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Calif., N.A.*, 290 F. Supp 2d 1101, 1152 (C.D. Cal. 2003). Thus, courts generally grant a motion to strike only where "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Leduc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992).

Under Rule 15(a)(2), a party may amend its pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a)(2). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. [*Id.*] Courts apply Rule 15's policy favoring amendments with liberality. *Ascon Properties, Inc. v. Mobil Oil Co.,* 866 F.2d 1149, 1160 (9th Cir. 1989); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185–87 (9th Cir. 1987). After a defendant files a responsive pleading, leave to amend need not be granted if the amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay. *Ascon Props., Inc.*, 866 F.2d at 1159.

## DISCUSSION

### A. The TCPA Applies to Debt Collectors

Defendant argues once again that the TCPA categorically does not apply to debt collectors. However, this Court already ruled that "[t]he TCPA may apply to debt collectors who do not fall under the FCC's two exemptions." [Doc. No. 14 at 6.] As the Court stated in its previous Order, "it is clear that the TCPA *may* apply to 'autodialed' or prerecorded debt collector claims under the right circumstances." [*Id.*]; *see Mims v. Arrow Fin. Servs.,* 565 U.S. __, 132 S.Ct. 740, 746–48 (2012) (holding federal district courts have jurisdiction over private TCPA actions in a case involving debt collection agency); *Meyer v. Portfolio Recovery Assocs., LLC*, 707

F.3d 1036 (9th Cir. 2012) (provisional class certified against debt collector for TCPA violations); *Lee v. Credit Mgmt., LP,* 846 F. Supp. 2d 716, 728 (S.D. Tex. 2011) ("Defendant leads with the argument that the TCPA does not apply to its debt collection activities. This argument is not well-taken. In a declaratory ruling, one to which the Court will defer, the FCC determined that debt collectors, such as Defendant, can be responsible for any violation of the TCPA.") (citing *In re Rules Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd. 559, 562 (F.C.C. 2007).); *Robinson v. Midland Funding, LLC,* 2011 U.S. Dist. LEXIS 40107, at *13 (S.D. Cal. Apr. 13, 2011) ("The FCC has already issued a declaratory ruling stating that debt collectors who make autodialed or prerecorded calls to a wireless number are responsible for any violation of the TCPA.").

Accordingly, the Court again **DENIES** Defendant's motion to dismiss on the basis that the TCPA does not categorically apply to debt collectors.[6]

### B.   *Defendant's Debt Collection Calls Are Not Exempt*

Defendant contends that its calls are exempt because the calls (1) were based upon an established business relationship, and (2) were for a commercial purpose other than unsolicited advertisements. [Doc. No. 26-1 at 3.] Plaintiffs, however, argue that the exemptions at issue only apply to calls made to residential lines. Plaintiffs allege that because Defendant called their cell phones, the asserted exemptions do not apply. [*See* First Am. Compl. ¶¶ 13–14.]

The TCPA distinguishes autodialed calls made to wireless numbers from autodialed calls made to residential lines. As to wireless numbers, the TCPA prohibits "mak[ing] any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–(iii) to any telephone number

---

[6] Because the Court again resolves this issue without reference to the numerous legislative materials proffered in support of this argument, the Court **DENIES AS MOOT** Defendant's request for judicial notice. [Doc. No. 26-4.]

assigned . . . to a cellular telephone service." 47 U.S.C. § 227(b)(1)(A) (iii).[7]

In a separate provision regarding residential lines, the TCPA prohibits initiating "any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes." 47 U.S.C. § 227(b)(1)(B). The TCPA also recognizes other exceptions to this prohibition promulgated by the Federal Communications Commission ("FCC"), as follows:

> (a) No person or entity may:  (2) Initiate any telephone call to any residential line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call;
> (i) Is made for emergency purposes;
> (ii) Is not made for a commercial purpose;
> **(iii) Is made for a commercial purpose but does not include or introduce an unsolicited advertisement or constitute a telephone solicitation;**
> **(iv) Is made to any person with whom the caller has an established business relationship at the time the call is made**; or
> (v) Is made by or on behalf of a tax-exempt nonprofit organization.

47 C.F.R. § 64.1200(a)(2) (emphasis added).

Defendant claims that "[d]ebt collection calls made by Defendant to Plaintiffs fall within an exception to the TCPA because the calls were based upon an established business relationship and they were for a commercial purpose *other than unsolicited advertisements*." [Doc. No 26-1 at 3.] Although Defendant does not cite the specific regulations section, it uses language identical to the exceptions listed in 47 C.F.R. § 64.1200(a)(2)(iii) and (iv). To bolster its argument, Defendant relies on

---

[7] The two exceptions for calls made for emergency purposes or without prior express consent are reiterated in 47 C.F.R. § 64.1200(a)(1)(iii), which states:
(a) No person or entity may:  (1) Except as provided in paragraph (a)(2) of this section, initiate any telephone call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice; (iii) To any telephone number assigned to a paging service, cellular telephone service. . .

*Martinez v. Johnson*, No. 11cv148-DN, 2013 WL 1031363 (D. Utah Mar. 14, 2013). Applying the exceptions in 47 C.F.R. § 64.1200(a)(2)(iii-iv), the *Martinez* court held that the calls at issue "were made for the purpose of collecting a debt arising from an established business relationship and were not for solicitation." *Id.* at *14.

Plaintiffs, however, contend that the court in *Martinez* overlooked that the exceptions listed in 47 C.F.R. § 64.1200(a)(2)(iii-iv) only apply to residential lines, not cell phones. [Doc. No. 29 at 16.] To support their argument, Plaintiffs rely on *Gager v. Dell Financial Services, LLC*, a recent Third Circuit decision. -- F.3d --, 2013 WL 4463305, at *7 (3d Cir. Aug. 22, 2013). There, the defendant argued that the TCPA exempted his debt collection calls because the relationship between the defendant and the caller as creditor/ debtor fit the "established business relationship" exemption. *Id.* at *7. The Third Circuit expressly rejected this argument, explaining that "[the defendant] fails to recognize that these exemptions do not apply to cellular phones; rather, these exemptions apply only to autodialed calls made to land-lines." *Id.* (citing 47 C.F.R. § 64.1200(a)(2)). The court then examined the specific provisions of the TCPA that apply to autodialed calls to cellular phones as well as the exemptions promulgated by the FCC. *Id.* at *7. The court reasoned:

> The statutory provision under which [the plaintiff] brought her claim bans the use of "*any* automatic telephone dialing system" to call "*any* . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added). The only exemptions in the TCPA that apply to cellular phones are for emergency calls and calls made with prior express consent. *See id.* 47 C.F.R. § 64.1200(a)(1)(iii). Unlike the exemptions that apply exclusively to residential lines, there is no established business relationship or debt collection exemption that applies to autodialed calls made to cellular phones. Thus, the content-based exemptions invoked by [the defendant] are inapposite.

*Id.*

The Court finds the Third Circuit's reasoning in *Gager* persuasive. *See id.* Accordingly, the Court finds that the exceptions listed in 47 C.F.R. § 64.1200(a)(2)(iii-iv) apply to residential lines only. Like the plaintiff in *Gager*, Plaintiffs bring their claim under § 227 (b)(1)(A)(iii) for autodialed calls made to a wireless number. [First Am. Compl. ¶ 10.] Because Plaintiffs allege calls to their wireless number, the

only applicable exceptions are for calls made for emergency purposes or made with prior express consent of the called party. *See* § 227 (b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(1)(iii). Defendant does not argue that these exceptions apply. Accordingly, the Court **DENIES** Defendant's motion to dismiss on the basis that the TCPA exempts its debt collections calls.

## C.     *Defendant's Motion to Strike*

Defendant contends that the Court should strike Plaintiff Deal from the First Amended Complaint because by adding Plaintiff Deal as a new class action plaintiff, Plaintiffs "exceed[] the scope of the amendment authorized by the Court." [Doc. No. 25-1 at 1.]

Pursuant to Rule 15, the Court has discretion to grant leave to amend and should do so liberally unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay. *Ascon Props., Inc.*, 866 F.2d at 1159. In its May 13, 2013 Order, the Court dismissed the original Complaint with leave to amend to establish venue and granted Plaintiff leave "to conduct limited discovery for the purpose of establishing the propriety of venue in the Southern District of California." [Doc. No. 14 at 9.] Plaintiff Deal is a resident of California. As such, her addition as a plaintiff is in part "a prophylactic measure[] to proactively respond to Defendant's anticipated argument regarding venue." [Doc. No. 30 at 9.] Accordingly, the Court finds that adding Diane Deal as a plaintiff in the First Amended Complaint did not exceed the scope of its previous Order.

The Court also notes that the cases cited by Defendant are distinguishable. In each case, the court dismissed or struck new claims alleged for the first time in amended pleadings where the party failed to seek leave to amend. *See, e.g.*, *Kennedy v. Full Tilt Poker*, No. CV 09-07964, 2010 WL 3984749, at *1 (C.D. Cal. Oct. 12 2010) (stating that court previously struck amended complaint because plaintiffs failed to seek leave to add new claims); *see also Andrew W. v. Menlo Park City School Dist.*, No. 10cv0292, 2010 WL 3001216 at *2 (N.D. Cal. July 29, 2010)

(agreeing that the court should strike new claims because the prior order did not grant leave to add new claims). Here, however, the Court expressly granted Plaintiff leave to amend the Complaint, specifically to demonstrate proper venue in this district. Further, Defendant does not allege that the addition of Plaintiff Deal caused it prejudice. To the contrary, Plaintiff added a new plaintiff, Diane Deal, and together, Plaintiffs assert the same claim—each received calls on her cell phone, without prior express consent, using an ATDS. Moreover, Defendant has now conceded venue in the Southern District is proper. [Doc. No. 22.] Therefore, the addition of Plaintiff Deal, a California resident, does not subject Defendant to a venue that would otherwise be improper. Accordingly, the Court finds that adding Plaintiff Deal did not exceed the scope of the Court's previous Order or Rule 15.

Finally, Defendant argues that the Court should strike Plaintiff Deal because Plaintiffs fail to meet the permissive joinder requirements under Rule 20. [Doc. No. 25.] In response, Plaintiffs contend that because they filed this case as a class action pursuant to Rule 23, joinder under Rule 20 is not necessary and impractical. [Doc. No. 30 at 3.]

Rule 20(a) allows joinder of additional plaintiffs if: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). Rule 23(a) allows one or more members of a class to sue as represented parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

Defendant argues that Plaintiffs cannot establish that their claims arise out of the same transaction because the two plaintiffs are from different states, and they do

not allege that the calls at issue concern the same debt. [Doc. No. 25-1 at 4–6.] The Court finds this argument unavailing. In the First Amended Complaint, Plaintiffs allege that class members received calls from Defendant, without prior consent, which included unsolicited telephone messages. [First Am. Compl. ¶¶ 26–28.] Accordingly, Plaintiffs allege a "series of transactions" based on Defendant's autodialed phone calls to class members' phones, which permits joinder of Plaintiff Deal.[8] As a result, the Court finds that Rule 20 does not prevent the addition of Plaintiff Deal in the First Amended Complaint.[9]

The Court therefore **DENIES** Defendant's Motion to Strike Plaintiff Diane Deal from the First Amended Complaint.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendant's motion to dismiss and **DENIES** Defendant's motion to strike Plaintiff Deal from the First Amended Complaint.

**IT IS SO ORDERED.**

DATED: October 16, 2013

Hon. Michael M. Anello
United States District Judge

---

[8] Defendant also argues that Rule 20's second prong is not satisfied by renewing its argument that due process requires an individualized analysis as to each individual call made to each Plaintiff. [Doc. No 25-1 at 5.] However, the Court already denied Defendant's argument that individual findings of fact predominate as amounting to a premature effort to defeat class certification. [Doc. No. 14 at 8.]

[9] Pursuant to Rule 21,"[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The Court notes that because of the early stage in litigation and similarity in claims alleged by Plaintiff Deal, the addition of Plaintiff Deal is also proper pursuant to Rule 21.