1
2
3
4
5
6
7
8            **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   LINDA BLAIR, DIANE DEAL, AND            CASE NO. 13cv134-MMA (WVG)
     SHANNON COLLINS, *on behalf of*
12   *themselves and all others similarly*       **ORDER RE: PLAINTIFFS'**
     *situated,*                                 **ATTORNEYS' FEES  INCURRED**
13                              Plaintiffs,      **IN RESPONDING TO**
                                                 **DEFENDANT'S OBJECTION TO**
14          vs.                                  **DISCOVERY ORDER**

15   THE CBE GROUP, INC.,                        [Doc. No. 93]

16                              Defendant.

17

18          On January 16, 2013, Plaintiff commenced this putative class action against

19   Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. §

20   227, *et seq.* ("TCPA").  On June 30, 2014, the parties filed a Joint Statement For

21   Determination of Discovery Dispute regarding Defendant's Responses to Plaintiffs'

22   Discovery - Set Two.  *See* Doc. No. 91.  On July 2, 2014, United States Magistrate

23   Judge William V. Gallo issued an order ruling on the discovery disputes.  *See* Doc.

24   No. 92.  Defendant CBE Group objected to Judge Gallo's order on multiple grounds

25   pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A).

26   *See* Doc. No. 93.  Plaintiffs filed an opposition, in which they also sought attorneys'

27   fees pursuant to Federal Rule of Civil Procedure 37 for fees incurred in responding

28   to Defendant's objections.

1   On August 15, 2014, the Court found that Judge Gallo's July 2, 2014

2   Discovery Order was neither clearly erroneous nor contrary to law, and therefore

3   overruled Defendant's objections in their entirety.  *See* Doc. No. 107.  However, the

4   Court deferred ruling on the issue of attorneys' fees and required the parties to file

5   supplemental briefing.  Plaintiffs filed a supplemental brief, and Defendant

6   responded.  *See* Doc. Nos. 110, 112.  For the reasons stated below, the Court

7   **AWARDS** reasonable expenses to Plaintiffs in the amount of $6,495.00.

8   <u>**DISCUSSION**</u>

9   Plaintiffs seek expenses in the amount of $13,351 for attorneys' fees incurred

10  in responding to Defendant's objection to Judge Gallo's July 2, 2014 Discovery

11  Order.[1]  Defendant opposes the request, contending that Plaintiffs' requested

12  attorneys' fees are neither warranted nor reasonable.

13  The Court first addresses the propriety of awarding expenses under Federal

14  Rule of Civil Procedure 37 for attorneys' fees that Plaintiffs incurred in responding

15  to Defendant's Rule 72(a) Objections.

16  **A.    Fed. R. Civ. P 37(a)**

17  Federal Rule of Civil Procedure 37(a)(5) provides that if the court grants a

18  motion to compel discovery, it "must" order the non-moving party to pay the

19  moving party's "reasonable expenses incurred in making the motion."  *See* Fed. R.

20  Civ. P. 37(a)(5)(A).  However, the Rule recognizes various exceptions, such as

21  where the court finds the nonmoving party's nondisclosure, response, or objection

22  was substantially justified, or an award of expenses would be unjust.  *See id.*[2]  If the

23  court denies the motion, it "must" order the moving party to pay the non-moving

24  party's reasonable expenses incurred in opposing the motion unless the motion itself

25  

26  _____

[1] Plaintiffs do not seek to recover any fees incurred for the underlying motion to
27  compel.

[2] A third exception that is not applicable here is where "the movant filed the
28  motion before attempting in good faith to obtain the disclosure or discovery without
court action."  *See* Fed. R. Civ. P. 37(a)(5)(A)(i).

was substantially justified or an award of expenses would be unjust.  *See* Fed. R. Civ. P. 37(a)(5)(B).  Finally, where the court grants in part and denies in part a motion to compel discovery, the court may "apportion the reasonable expenses for the motion."  Fed. R. Civ. P. 37(a)(5)(C).

"A request for discovery is 'substantially justified' under Rule 37 if reasonable people could differ on the matter in dispute."  *United States EEOC v. Caesars Entm't, Inc.,* 237 F.R.D. 428, 435 (D. Nev. 2006) (citing *Reygo Pacific Corp. v. Johnston Pump Co.*, 680 F.2d 647, 649 (9th Cir. 1982)); *see also* 8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2288 (3d ed. 2010) ("Making a motion, or opposing a motion, is 'substantially justified' if the motion raised an issue about which reasonable people could genuinely differ on whether a party was bound to comply with a discovery rule.").  The non-moving party bears the burden of demonstrating its conduct was substantially justified.  *Aevoe Corp. v. AE Tech Co.*, No. 12-53, 2013 WL 5324787, at *2 (D. Nev. Sept. 20, 2013).

As an initial matter, Defendant appears to question the propriety of awarding attorneys' fees under Rule 37 because the requested fees concern Plaintiffs' response to a Rule 72(a) objection—not the underlying motion to compel.  This argument is unavailing.  District courts have routinely awarded attorneys' fees pursuant to Federal Rule of Civil Procedure 37 for fees incurred in responding to a Rule 72(a) objection.  *See, e.g.*, *Marrocco v. Hill*, 291 F.R.D. 586, 590 (D. Nev. 2013) (holding "reasonable fees incurred in responding to a Rule 72(a) objection are recoverable under Rule 37(a)(5)(A)"); *MAS, Inc. v. Nocheck, LLC*, No. 10-13147, 2011 WL 1135367, at *5 (E.D. Mich. Mar. 28, 2011) (granting the plaintiff's unopposed request for attorneys' fees incurred in responding to the defendant's Rule 72(a) objection because "such fees and costs were 'incurred in making the motion'" under Rule 37); *Tourgeman v. Collins Fin. Servs., Inc.*, No. 08-1392, 2010 WL 4117416, *2 (S.D. Cal. Oct. 18, 2010) (overruling the defendant's Rule 72(a) objection and

1    referring the matter to the magistrate judge to award the plaintiff attorneys' fees

2    incurred in connection with the plaintiff's response to the defendant's objection);

3    *Catapult Commc'ns Corp. v. Foster,* 2009 WL 2707040, *2 (N.D. Ill. Aug. 25,

4    2009) (holding that "under Rule 37, the fees incurred in responding to Defendant's

5    motion for reconsideration are compensable"); *Brandon v. D.R. Horton, Inc.*, No.

6    07-1256, 2008 WL 2096883, at *3 (S.D. Cal. May 16, 2008) (awarding the

7    defendant attorneys' fees incurred in opposing the plaintiff's Rule 72(a) objection).

8    As another district court explained:

9         If only the original motion to compel were compensable, the fee-shifting
10        provision of Rule 37 would have little effect. A motion for
          reconsideration that attacks the original motion to compel could cost as
11        much or more than the original motion itself; limiting the fees to the
          original motion, therefore, would not "deter a party from pressing to a
12        court hearing frivolous requests for or objections to discovery." Fed. R.
          Civ. P. 37(a)(4) advisory committee's note on 1970 Amendments. For
13        that reason, the Court finds that, under Rule 37, the fees incurred in
          responding to Defendant's motion for reconsideration are compensable.

14   *Catapult*, 2009 WL 2707040, *2; *see also Marrocco*, 291 F.R.D. at 590.  Although

15   *Catapult* involved a motion for reconsideration, the court's reasoning is persuasive

16   in the current context.  Thus, contrary to Defendant's argument, the fact that

17   Plaintiffs seek only those attorneys' fees incurred in responding to Defendant's Rule

18   72(a) objection does not preclude an award of attorneys' fees under Rule 37.

19        Defendant next asserts the Court should not award attorneys' fees because its

20   "Rule 72(a) objection was both necessary to preserve Defendant's interests on

21   appeal and substantially justified because it raised genuine disputes supported by

22   evidence and case authority."  Doc. No. 112 at 5.  This argument is not well-taken.

23   As set forth in detail its August 15, 2014 Order, the Court found Defendant's

24   objections were wholly meritless and therefore overruled the objections in their

25   entirety.  *See* Doc. No. 97.  The Court further finds that Defendant's Rule 72(a)

26   objections were not substantially justified because there was no "genuine dispute" as

27   to any of the issues raised, and reasonable people could not differ as to the

28   appropriateness of the objections.  *See Pierce v. Underwood,* 487 U.S. 552, 565, 108

S. Ct. 2541 (1988).

Finally, to the extent Defendant asserts that an award of reasonable expenses under Rule 37 is not appropriate because Plaintiff's underlying motion to compel was not granted in full, the Court is not persuaded. Rule 37(a)(5)(C) expressly authorizes the court to "apportion the reasonable expenses for the motion" where a court grants in part and denies in part the motion to compel. Fed. R. Civ. P. 37(a)(5)(C). Although Plaintiffs move for attorneys' fees under Rule 37(a)(5)(A)—presumably because Defendant's objections were overruled in their entirety—the analysis underlying an award of reasonable expenses pursuant to either Rule 37(a)(5)(A) or Rule 37(a)(5)(C) is the same. *See Switch Commc'ns Grp. LLC v. Ballard*, No. 11-285, 2011 WL 5041231, *2 (D. Nev. Oct. 24, 2011). Further, courts have recognized that "the primary difference between these two rules is that one requires the payment of costs, where the other grants the court discretion in making such a determination." *Id.* at *1. Even assuming the discretionary standard of Rule 37(a)(5)(C) applies because Plaintiffs' underlying motion to compel was granted in part and denied in part, the Court finds that it is appropriate to apportion reasonable expenses for Plaintiffs' opposition to Defendant's Rule 72(a) objections.

**B.     Reasonable Attorneys' Fees**

Plaintiffs seek $13,351.00 in attorneys' fees incurred in opposing Defendant's Rule 72(a) objection. Defendant opposes the requested amount, asserting that Plaintiffs have failed to carry their burden of demonstrating either the requested hourly rates or the number of hours are reasonable.

The parties agree that the Court should apply the lodestar method to determine reasonable attorneys' fees in this matter. "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael,* 96 F.3d 359, 363 (9th Cir. 1996). "[T]he fee applicant bears the burden of establishing

entitlement to an award and documenting the appropriate hours expended and hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  To do so, the applicant "should submit evidence supporting the hours worked and rates claimed." *Id.* "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.*

### 1.    Reasonable Hourly Rates

The Court first must determine whether the requested hourly rates are reasonable.  "Fee applicants have the burden of producing evidence that their requested fees are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1110–11 (9th Cir. 2014) (internal citations and quotations omitted).  To determine the prevailing market rates, courts should consider "the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity." *Davis v. City & Cnty. of San Francisco*, 976 F.2d 1536, 1545 (9th Cir. 1992), *vacated in part on other grounds on denial of reh'g,* 984 F.2d 345 (9th Cir. 1993).  The relevant legal community is "the forum in which the district court sits." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205–06 (9th Cir. 2013); *see also Prison Legal News v. Schwarzenegger,* 608 F.3d 446, 454 (9th Cir. 2010).

"Importantly, the fee applicant has the burden of producing 'satisfactory evidence' that the rates he requests meet these standards." *Gonzalez*, 729 F.3d at 1206.  As both parties in this case acknowledge, the applicant meets this burden by "produc[ing] satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984);  *see also Chaudhry*, 751 F.3d at 1110–11 ("Affidavits of the plaintiffs' attorney[s] and other attorneys regarding prevailing fees in the community . . . are satisfactory

evidence of the prevailing market rate.") (internal citations omitted) (alterations in original).  Once the applicant carries his burden of providing satisfactory evidence, the burden then shifts to the opposing party to rebut such evidence.  *See id.*

Here, Plaintiffs seek hourly rates as follows: $700 per hour for Mr. Campion, $425 per hour for Ms. Wood, $400 per hour for Ms. Gallucci, and $290 per hour for Mr. Houchin, a law clerk.  Only Ms. Wood has filed a declaration in support of Plaintiffs' requested hourly rates.[3]  *See* Doc. No. 110-1.  Ms. Wood graduated law school in 2009 and has been practicing law in California since 2010.  Her practice has focused on consumer advocacy since joining the Law Offices of Ronald A. Marron in September 2012.  Mr. Campion has been practicing law since 1977 and is the sole principal in his law firm, Law Office of Douglas J. Campion.  Mr. Campion has extensive experience in litigation, which includes over 25 years of experience litigating class actions.  Ms. Gallucci graduated law school in 2012 and was admitted to practice in California in January 2013.  Her practice focuses on consumer fraud cases, including violations of the TCPA as well as food, drug, and cosmetic cases.  Finally, Mr. Houchin is a third-year law student at Thomas Jefferson School of Law.  He has assisted the firm's attorneys with prosecuting class action lawsuits involving the TCPA and California Consumer Legal Remedies Act for approximately two years.

In support of their request for attorneys' fees, Plaintiffs rely on the declaration of Ms. Alexis M. Wood, various citations to attorneys' fees awards of Plaintiffs' counsel in other cases, excerpts from 2010 and 2011 surveys by the National Law Journal showing rates for various firms throughout California, and a document entitled "2014 Report on the State of the Legal Market."  *See* Doc. No. 110-1.  Upon

---

[3] The other attorneys and law clerk did not file declarations in support of their fee request.  Without citing any case law in support of its proposition, Defendant insists the Court should not award the requested fees of Mr. Campion, Ms. Gallucci, or Mr. Houchin on this basis alone.  The Court disagrees with Defendant's contention, but will consider the lack of declarations when determining whether Plaintiffs have met their evidentiary burden.

reviewing the evidence submitted by Plaintiffs, the Court finds Plaintiffs have failed to establish that the requested hourly rates are in line with the prevailing rates in the Southern District of California for work of similar complexity by attorneys with comparable skill and reputation.  *See Gonzalez*, 729 F.3d at 1206.

Plaintiffs assert that various courts in this district have already approved the requested hourly rates, specifically the court in *Mason v. Heel*, No. 12-3056, 2014 WL 1664271 (S.D. Cal. Mar. 13, 2014) and this Court's Order in *Nigh v. Humphreys Pharmacal, Inc.*, No. 12-2714, 2013 WL 5995382 (S.D. Cal. Oct. 23, 2013). However, the Court finds those cases are distinguishable.  In both *Mason* and *Nigh*, attorneys' fees were awarded in the context of an unopposed motion for final approval of class settlement, and as part of the settlement, the defendants agreed not to challenge the amount of attorneys' fee provided the request did not exceed the common fund benchmark.  *See Mason*, 2014 WL 1664271, at *6; *Nigh*, 2013 WL 5995382, at *3.  Moreover, neither court made a finding that the requested hourly rates were reasonable.  To the contrary, the court in *Mason* expressly noted the requested hourly rates were "slightly inflated."  *Mason,* 2014 WL 1664271, at *9. Plaintiffs also cite to other attorneys' fees awards in the Southern District in which courts have approved the hourly rate of $500 for an attorney with 7 years of experience and  $350 for an associate of 3 years of experience.  Such awards are inapposite, however, because Plaintiffs do not assert—and there is no evidence to support—that Plaintiffs' counsel are of "reasonably comparable skill, experience and reputation" as the attorneys receiving those awards.  *See Chaudhry*, 751 F.3d at 1110–11.

Finally, Plaintiffs' remaining evidence—the NLJ surveys and a citation to a case from the Northern District of California—is inapposite for the purpose of determining reasonable rates in the Southern District of California.  *See Chaudhry*, 751 F.3d at 1110 ("[T]he relevant community is the forum in which the district court sits.").  The survey lists a spectrum of hourly rates for partners and associates of

1   firms in Los Angeles, Irvine, and Riverside.  *See* Doc. No 110, Ex. 2.  However,

2   none of the documents even address rates in San Diego or the Southern District of

3   California, and therefore are not helpful for establishing the prevailing market rate

4   within the relevant community.  *See, e.g.*, *Camacho v. Bridgeport Fin., Inc.*, 523

5   F.3d 973, 979 (9th Cir. 2008) (finding error where the district court neither

6   identified the relevant community nor explained what the prevailing hourly rate in

7   that community was "for similar services by lawyers of reasonably comparable skill,

8   experience and reputation").  In all, the Court finds Plaintiffs have failed to carry

9   their burden of providing satisfactory evidence that the requested rates are in line

10  with the prevailing market rates for similar work by comparable attorneys in the

11  Southern District of California.

12      Thus, the Court must determine what constitutes reasonably hourly rates for

13  Plaintiffs' counsel in this proceeding.  In making this determination, the Court

14  considers the relevant *Kerr* factors.[4]  *See Davis*, 976 F.2d at 1546 (finding that

15  district courts may consider the *Kerr* factors in determining an appropriate market

16  rate).  Here, while Plaintiffs' briefs were well-written and thorough, Plaintiffs

17  acknowledge that the issues raised in Defendant's Rule 72(a) Objection were not

18  complex or novel, but frivolous in nature.  *See id.* at 1545 ("[T]he complexity of

19  legal work affects the determination of the reasonable rate.").  Further, Plaintiffs'

20  counsel had ample time to oppose Defendant's Rule 72(a) Objections, and they were

21  not substantially precluded from other employment based on this proceeding.  Upon

22  considering these factors, as well as the requested rates, the rates awarded in other

23  cases, and the Court's own knowledge and experience of prevailing rates within this

24  

25  _____

[4] These factors are as follows:
[T]he novelty and difficulty of the issues involved in a case, the skill required to litigate those issues, the preclusion of other employment, the customary fee, relevant time constraints, the amount at stake and the results obtained, the experience, reputation, and ability of the attorneys, the nature and length of their professional relationship with the client, the 'undesirability' of a case, and awards in similar suits.
*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69–70 (9th Cir. 1975).

District,[5] the Court finds the following hourly rates are in line with the prevailing market rates in the Southern District of California for attorneys of comparable skill, level, and experience for work on matters of similar complexity: $400 for Mr. Campion; $275 for Ms. Wood; and $225 for Ms. Gallucci; and $75 for Mr. Houchin.

### 2.    *Reasonable Hours Expended*

Plaintiffs request fees based on 34.5 hours of work among three attorneys and one law clerk. Plaintiffs' counsel asserts that this time was reasonably necessary to successfully respond to Defendant's Rule 72(a) objections. Defendant seeks a reduction in the number of hours reasonably expended, contending many of Plaintiffs' entries are duplicates, impermissibly "block" billed, or for clerical work.

First, Defendant contends Ms. Gallucci billed excessively for spending 3.5 hours drafting the factual background section. The Court disagrees and finds this entry reasonable. Next, Defendant asserts that Ms. Gallucci and Ms. Wood have claimed duplicate entries for various tasks, such as reviewing Defendant's Rule 72(a) Objection, reviewing and editing Plaintiffs' Opposition, and citation checks. Upon extensively reviewing the billing records, the Court finds the entries at issue are reasonable. In addition, Defendant asserts that Plaintiffs' counsel impermissibly "block billed" 3.2 hours of time. While the Court recognizes that block billing may make it difficult to delineate how much time was spent on certain tasks, the entry at issue does not raise such concerns. *See Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). Ms. Wood appears to have grouped multiple aspects of a single task—drafting the argument section—and the Court finds the entry is not excessive or unreasonable. *See Sunstone Behavioral Health, Inc. v. Alameda Cnty. Med. Ctr.*, 646 F. Supp. 2d 1206, 1217 (E.D. Cal. 2009) (recognizing block billing is

---

[5] *See Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (per curiam) ("Other circuit courts have held that judges are justified in relying on their own knowledge of customary rates and their experience concerning reasonable and proper fees. . . . We agree. We conclude that the district court did not abuse its discretion either by relying, in part, on its own knowledge and experience, . . .") (internal citations and parentheticals omitted).

permissible where it "involves the grouping of highly related tasks that rarely cover more than a few hours"); *see also Campbell v. Nat'l Passenger R.R. Corp.*, 718 F. Supp. 2d 1093, 1103 (N.D. Cal. 2010).

Lastly, Defendant asserts that the Court should eliminate billing entries that are for purely clerical tasks.  The Court agrees.  *See Nadarajah v. Holder,* 569 F.3d 906, 921 (9th Cir. 2009) ("When clerical tasks are billed at hourly rates, the court should reduce the hours requested to account for the billing errors."); *Davis*, 976 F.2d at 1543 ("It simply is not reasonable for a lawyer to bill, at her regular hourly rate, for tasks that a non-attorney employed by her could perform at a much lower cost.").  Upon reviewing counsels' billing records, the Court finds Ms. Wood performed 0.5 hours of clerical work, Ms. Gallucci performed 1.2 hours; and Mr. Houchin performed 0.5 hours.  The Court therefore reduces the above hours from counsel's respective accounts.

### 3. *Lodestar Calculation*[6]

Taking into account the reductions set forth above, the lodestar calculations are as follows:

| | Reasonable Hourly Rate | Hours Reasonably Expended | Lodestar |
|---|---|---|---|
| Mr. Campion | $400 | 1.7 | $400 x 1.7  = $680.00 |
| Ms. Wood | $275 | 11.3 | $275 x 11.3 = $3,107.50 |
| Ms. Gallucci | $225 | 8.4 | $225 x 8.4 = $1,890.00 |
| Mr. Houchin | $75 | 10.9 | $75 x 10.9 = $817.50 |

Upon summing the individual lodestar amounts, the Court awards Plaintiff attorneys' fees in the amount of **$6,495.00**.  The Court finds that the resulting **$6,495.00** figure is a fair and reasonable apportionment of expenses for Plaintiffs'

---

[6]After making its initial lodestar calculation by multiplying an attorney's reasonable hourly rate by the number of hours reasonably expended, a "court may adjust the lodestar upward or downward using a 'multiplier' based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). Neither party seeks a multiplier, and therefore the Court respectfully declines to apply one.

1  Opposition to Defendant's Rule 72(a) Objections.  *See* Fed. R. Civ. P. 37(a)(5).

2  CONCLUSION

3  Based on the foregoing, the Court **AWARDS** Plaintiffs $6,495.00 in

4  attorneys' fees pursuant to Federal Rule of Civil Procedure 37(a)(5).

5  **IT IS SO ORDERED.**

6

7  DATED:  September 16, 2014

8

9  Hon. Michael M. Anello
   United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28