# EXHIBIT A

1  SEAN P. FLYNN
   GORDON & REES LLP
2  2211 Michelson Drive, Suite 400
   Irvine, CA 92612
3  Telephone:  (949) 255-6950
   Facsimile:  (949) 474-2060
4
   Attorneys for Defendant
5  THE CBE GROUP INCORPORATED

6

7

8                  UNITED STATES DISTRICT COURT

9                  SOUTHERN OF CALIFORNIA

10

11  LINDA BLAIR, DIANE DEAL and          ) CASE NO. 13-cv-00134-MMA(WVG)
    SHANNON COLLINS, on behalf of        )
12  themselves, and all others similarly situated,  ) **SUPPLEMENTAL RESPONSES TO**
                                         ) **COMPILATION OF REQUESTS FOR**
13                      Plaintiff,       ) **PRODUCTION OF DOCUMENTS**
                                         )
14       vs.                            )
                                         ) Judge: Hon. Michael M. Anello
15  THE CBE GROUP INCORPORATED, an      )
    Iowa Corporation                    )
16                                       )
                        Defendant.       )
17

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-1-

SUPPLEMENTAL RESPONSES TO COMPILATION OF REQUESTS FOR PRODUCTION OF DOCUMENTS

EXHIBIT A - PAGE 1

1

## REQUESTS FOR PRODUCTION OF DOCUMENTS

2

## SET TWO, SERVED ON MARCH 31, 2014

3 **REQUEST FOR PRODUCTION NO. 1**

4          All DOCUMENTS and ESI relied upon in drafting YOUR ANSWER and Affirmative

5 Defenses to the COMPLAINT.

6 **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

7          Objection. This request is overbroad and unduly burdensome relative to the overbroad

8 and confusing defined terms. This request is unduly burdensome. As CBE has repeatedly

9 advised, to review and research all of its records, would take several months at a cost of tens of

10 thousands of dollars. These metrics do not include the time and expense of review by Defense

11 Counsel. Thus, the proportionality of the request indicates that a more reasonable sampling

12 approach such as that proposed by Defense Counsel on August 13, 2014 [to which there has been

13 no response from Plaintiffs' Counsel], is the more reasonable and rationale approach pending

14 any potential class certification. This request is also overbroad and unduly burdensome, vague

15 and ambiguous, calls for the production of confidential Third Party documents pursuant to, *inter*

16 *alia*, SHREVA, HEA, HIPAA, and the Cal. Pub. Utilities Code. This request also calls for the

17 production of documents protected by the attorney-client and attorney work product privileges.

18 This request calls for the premature disclosure of expert witness information.

19 **REQUEST FOR PRODUCTION NO. 2**

20          All DOCUMENTS and ESI relied upon in drafting YOUR answers to Plaintiffs' Second

21 Set of Interrogatories.

22 **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

23          Objection. This request is overbroad and unduly burdensome relative to the overbroad

24 and confusing defined terms. This request is unduly burdensome. As CBE has repeatedly

25 advised, to review and research all of its records, would take several months at a cost of tens of

26 thousands of dollars. These metrics do not include the time and expense of review by Defense

27 Counsel. Thus, the proportionality of the request indicates that a more reasonable sampling

28 approach such as that proposed by Defense Counsel on August 13, 2014 [to which there has been

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-2-

1  no response from Plaintiffs' Counsel], is the more reasonable and rationale approach pending

2  any potential class certification.  This request is also overbroad and unduly burdensome, vague

3  and ambiguous, calls for the production of confidential Third Party documents pursuant to, *inter*

4  *alia*, SHREVA, HEA, HIPAA, and the Cal. Pub. Utilities Code.  This request also calls for the

5  production of documents protected by the attorney-client and attorney work product privileges.

6  This request calls for the premature disclosure of expert witness information.

7  **REQUEST FOR PRODUCTION NO. 3**

8      All contracts, agreements, or written understandings that RELATE TO any relationship

9  between YOU and each PLAINTIFF.

10  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

11      Objection:  This request calls for documents covered by the Trade Secrets privilege for

12  CBE and the subject credit originators.  The credit originators have expressed that the contracts

13  are privileged and cannot be produced until there is a Protective Order entered.  CBE consented

14  to the Court's proposed Protective Order on August 17, 2014.  Plaintiffs' Counsel has not

15  responded to the Court's requests to the parties.

16  **REQUEST FOR PRODUCTION NO. 4**

17      All contracts, agreements, or written understandings that RELATE TO YOU obtaining

18  each PLAINTIFF'S collection account, including but not limited to any agreement for fees, any

19  assignments and all other agreement between YOU and any owner or assignor of each

20  PLAINTIFF'S account.

21  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

22      Objection.  Asked and answered – request 3.  This request calls for documents covered

23  by the Trade Secrets privilege for CBE and the subject credit originators.  The credit originators

24  have expressed that the contracts are privileged and cannot be produced until there is a Protective

25  Order entered.  CBE consented to the Court's proposed Protective Order on August 17, 2014.

26  Plaintiffs' Counsel has not responded to the Court's requests to the parties.

27  **REQUEST FOR PRODUCTION NO. 5**

28      All COMMUNICATIONS between YOU and each PLAINTIFF, INCLUDING any

*Gordon & Rees LLP*
*2211 Michelson Drive Suite 400*
*Irvine, CA 92612*

-3-

1  account notes, notes and other writings by YOU RELATING TO any such communications, and

2  including any audio recordings made of any PHONE CALLS between YOU and each

3  PLAINTIFF.

4  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

5       Objection.  This request is overbroad and unduly burdensome relative to the overbroad

6  and confusing defined terms.  This request also calls for the production of documents protected

7  by the attorney-client and attorney work product privileges.  This request calls for the premature

8  disclosure of expert witness information.

9  **REQUEST FOR PRODUCTION NO. 6**

10       All COMMUNICATIONS by or between YOUR Officers, Directors, or employees and

11  any third parties RELATING TO each PLAINTIFF or their accounts.

12  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

13       Objection.  This request is overbroad and unduly burdensome relative to the overbroad

14  and confusing defined terms.  This request, relative to the defined terms, also calls for the

15  production of documents protected by the attorney-client and attorney work product privileges.

16  This request calls for the premature disclosure of expert witness information.

17  **REQUEST FOR PRODUCTION NO. 7**

18       All internal COMMUNICATIONS between YOUR Officers, Directors, or employees

19  RELATING TO each PLAINTIFF or their account.

20  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO.7:**

21       Objection.  This request is overbroad and unduly burdensome relative to the overbroad

22  and confusing defined terms.  This request, relative to the defined terms, also calls for the

23  production of documents protected by the attorney-client and attorney work product privileges.

24  This request calls for the premature disclosure of expert witness information.

25  **REQUEST FOR PRODUCTION NO. 8**

26       All COMMUNICATIONS containing or RELATING TO the phone number (574) 306-

27  6125.

28  ///

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

2      Objection.  This request is overbroad and unduly burdensome relative to the overbroad

3  and confusing defined terms.  This request, relative to the defined terms, also calls for the

4  production of documents protected by the attorney-client and attorney work product privileges.

5  This request calls for the premature disclosure of expert witness information.

6  **REQUEST FOR PRODUCTION NO. 9**

7      All DOCUMENTS and ESI containing or RELATING TO the phone number (574) 306-

8  6125.

9  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

10      Objection.  This request is overbroad and unduly burdensome relative to the overbroad

11  and confusing defined terms.  Asked and answered, request 8.  This request is overbroad and

12  unduly burdensome relative to the overbroad and confusing defined terms.  This request, relative

13  to the defined terms, also calls for the production of documents protected by the attorney-client

14  and attorney work product privileges.  This request calls for the premature disclosure of expert

15  witness information.

16  **REQUEST FOR PRODUCTION NO. 10**

17      All COMMUNICATIONS containing or RELATING TO the phone number (209) 241-

18  0063.

19  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

20      Objection.  This request is overbroad and unduly burdensome relative to the overbroad

21  and confusing defined terms.  This request is overbroad and unduly burdensome relative to the

22  overbroad and confusing defined terms.  This request, relative to the defined terms, also calls for

23  the production of documents protected by the attorney-client and attorney work product

24  privileges.  This request calls for the premature disclosure of expert witness information.

25  **REQUEST FOR PRODUCTION NO. 11**

26      All DOCUMENTS and ESI containing or RELATING TO the phone number (209) 241-

27  0063.

28  ///

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-5-

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1 **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

2      Objection.  Asked and answered, request 10.  This request is overbroad and unduly

3 burdensome relative to the overbroad and confusing defined terms.  This request is overbroad

4 and unduly burdensome relative to the overbroad and confusing defined terms.  This request,

5 relative to the defined terms, also calls for the production of documents protected by the

6 attorney-client and attorney work product privileges.  This request calls for the premature

7 disclosure of expert witness information.

8 **REQUEST FOR PRODUCTION NO. 12**

9      All DOCUMENTS and ESI sufficient to IDENTIFY the TELEPHONE DIALING

10 EQUIPMENT YOU used to make the PHONE CALLS to the PLAINTIFFS and CALL

11 RECIPIENTS.

12 **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

13      <u>Objection</u>.  This request is overbroad and unduly burdensome relative to the overbroad

14 and confusing defined terms.  This request is unduly burdensome.  As CBE has repeatedly

15 advised, to review and research all of its records, would take several months at a cost of tens of

16 thousands of dollars.  These metrics do not include the time and expense of review by Defense

17 Counsel.  Thus, the proportionality of the request indicates that a more reasonable sampling

18 approach such as that proposed by Defense Counsel on August 13, 2014 [to which there has been

19 no response from Plaintiffs' Counsel], is the more reasonable and rationale approach pending

20 any potential class certification.  This request is also overbroad and unduly burdensome, vague

21 and ambiguous, calls for the production of confidential Third Party documents pursuant to, *inter*

22 *alia*, SHREVA, HEA, HIPAA, and the Cal. Pub. Utilities Code.  This request also calls for the

23 production of documents protected by the attorney-client and attorney work product privileges.

24 This request calls for the premature disclosure of expert witness information.

25 **REQUEST FOR PRODUCTION NO. 13**

26      ALL DOCUMENTS and ESI that IDENTIFY the total number of PHONE CALLS made

27 to PLAINTIFFS cellular telephone.

28 ///

SUPPLEMENTAL RESPONSES TO COMPILATION OF REQUESTS FOR PRODUCTION OF DOCUMENTS

1   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

2       Objection. This request is overbroad and unduly burdensome relative to the overbroad

3   and confusing defined terms. This request, relative to the defined terms, also calls for the

4   production of documents protected by the attorney-client and attorney work product privileges.

5   This request calls for the premature disclosure of expert witness information.

6   **REQUEST FOR PRODUCTION NO. 14**

7       ALL DOCUMENTS and ESI that IDENTIFY the total number of PHONE CALLS made

8   by YOU or any third party hired by YOU to the CALL RECIPIENTS.

9   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

10      Objection. This request is overbroad and unduly burdensome relative to the overbroad

11  and confusing defined terms. This request is unduly burdensome. As CBE has repeatedly

12  advised, to review and research all of its records, would take several months at a cost of tens of

13  thousands of dollars. These metrics do not include the time and expense of review by Defense

14  Counsel. Thus, the proportionality of the request indicates that a more reasonable sampling

15  approach such as that proposed by Defense Counsel on August 13, 2014 [to which there has been

16  no response from Plaintiffs' Counsel], is the more reasonable and rationale approach pending

17  any potential class certification. This request is also overbroad and unduly burdensome, vague

18  and ambiguous, calls for the production of confidential Third Party documents pursuant to, *inter*

19  *alia*, SHREVA, HEA, HIPAA, and the Cal. Pub. Utilities Code. This request also calls for the

20  production of documents protected by the attorney-client and attorney work product privileges.

21  This request calls for the premature disclosure of expert witness information.

22  **REQUEST FOR PRODUCTION NO. 15**

23      All DOCUMENTS and ESI that YOU contend represent PRIOR EXPRESS CONSENT

24  provided by each PLAINTIFF to receive PHONE CALLS.

25  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

26      Objection. This request is overbroad and unduly burdensome relative to the overbroad

27  and confusing defined terms. This request is also overbroad and unduly burdensome, vague and

28  ambiguous, calls for the production of confidential Third Party documents pursuant to, *inter alia*,

-7-

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1   SHREVA, HEA, HIPAA, and the Cal. Pub. Utilities Code.  This request also calls for the

2   production of documents protected by the attorney-client and attorney work product privileges.

3   This request calls for the premature disclosure of expert witness information.

4   **REQUEST FOR PRODUCTION NO. 16**

5        All COMMUNICATIONS that YOU contend represent PRIOR EXPRESS CONSENT

6   provided by each PLAINTIFF to receive PHONE CALLS.

7   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

8        <u>Objection</u>.  Asked and answered, request 15.  This request is overbroad and unduly

9   burdensome relative to the overbroad and confusing defined terms.  This request is also

10  overbroad and unduly burdensome, vague and ambiguous, calls for the production of

11  confidential Third Party documents pursuant to, *inter alia*, SHREVA, HEA, HIPAA, and the

12  Cal. Pub. Utilities Code.  This request also calls for the production of documents protected by the

13  attorney-client and attorney work product privileges.  This request calls for the premature

14  disclosure of expert witness information.

15  **REQUEST FOR PRODUCTION NO. 17**

16       All DOCUMENTS and ESI that YOU contend represent PRIOR EXPRESS CONSENT

17  provided by the CALL RECIPIENTS to receive PHONE CALLS.

18  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

19       <u>Objection</u>.  This request is overbroad and unduly burdensome relative to the overbroad

20  and confusing defined terms.  This request is unduly burdensome.  As CBE has repeatedly

21  advised, to review and research all of its records, would take several months at a cost of tens of

22  thousands of dollars.  These metrics do not include the time and expense of review by Defense

23  Counsel.  Thus, the proportionality of the request indicates that a more reasonable sampling

24  approach such as that proposed by Defense Counsel on August 13, 2014 [to which there has been

25  no response from Plaintiffs' Counsel], is the more reasonable and rationale approach pending

26  any potential class certification.  This request is also overbroad and unduly burdensome, vague

27  and ambiguous, calls for the production of confidential Third Party documents pursuant to, *inter*

28  *alia*, SHREVA, HEA, HIPAA, and the Cal. Pub. Utilities Code.  This request also calls for the

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-8-

1  production of documents protected by the attorney-client and attorney work product privileges.

2  This request calls for the premature disclosure of expert witness information.

3  **REQUEST FOR PRODUCTION NO. 18**

4      All COMMUNICATIONS that YOU contend represent PRIOR EXPRESS CONSENT

5  provided by the CALL RECIPIENTS to receive PHONE CALLS.

6  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

7      Objection.  Asked and answered, request 17.  This request is overbroad and unduly

8  burdensome relative to the overbroad and confusing defined terms.  This request is unduly

9  burdensome.  As CBE has repeatedly advised, to review and research all of its records, would

10  take several months at a cost of tens of thousands of dollars.  These metrics do not include the

11  time and expense of review by Defense Counsel.  Thus, the proportionality of the request

12  indicates that a more reasonable sampling approach such as that proposed by Defense Counsel

13  on August 13, 2014 [to which there has been no response from Plaintiffs' Counsel], is the more

14  reasonable and rationale approach pending any potential class certification.  This request is also

15  overbroad and unduly burdensome, vague and ambiguous, calls for the production of

16  confidential Third Party documents pursuant to, *inter alia*, SHREVA, HEA, HIPAA, and the

17  Cal. Pub. Utilities Code.  This request also calls for the production of documents protected by the

18  attorney-client and attorney work product privileges.  This request calls for the premature

19  disclosure of expert witness information.

20  **REQUEST FOR PRODUCTION NO. 19**

21      All consumer complaints RELATING TO the PHONE CALLS, regardless of whether

22  lawsuits arose out of such complaints.

23  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

24      Objection.  This request is overbroad and unduly burdensome relative to the overbroad

25  and confusing defined terms.  The request is not calculated to lead to the discovery of admissible

26  evidence as it is not limited to the subject matter of this lawsuit.  This request is unduly

27  burdensome.  As CBE has repeatedly advised, to review and research all of its records, would

28  take several months at a cost of tens of thousands of dollars.  These metrics do not include the

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-9-

1   time and expense of review by Defense Counsel.  Thus, the proportionality of the request

2   indicates that a more reasonable sampling approach such as that proposed by Defense Counsel

3   on August 13, 2014 [to which there has been no response from Plaintiffs' Counsel], is the more

4   reasonable and rationale approach pending any potential class certification.  This request is also

5   overbroad and unduly burdensome, vague and ambiguous, calls for the production of

6   confidential Third Party documents pursuant to, *inter alia*, SHREVA, HEA, HIPAA, and the

7   Cal. Pub. Utilities Code.  This request also calls for the production of documents protected by the

8   attorney-client and attorney work product privileges.  This request calls for the premature

9   disclosure of expert witness information.

10  **REQUEST FOR PRODUCTION NO. 20**

11       All COMMUNICATIONS RELATING TO any consumer complaints that YOU received

12  RELATING TO the PHONE CALLS.

13  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

14       Objection.  Asked and answered, request 19.  This request is overbroad and unduly

15  burdensome relative to the overbroad and confusing defined terms.  The request is not calculated

16  to lead to the discovery of admissible evidence as it is not limited to the subject matter of this

17  lawsuit.  This request is unduly burdensome.  As CBE has repeatedly advised, to review and

18  research all of its records, would take several months at a cost of tens of thousands of dollars.

19  These metrics do not include the time and expense of review by Defense Counsel.  Thus, the

20  proportionality of the request indicates that a more reasonable sampling approach such as that

21  proposed by Defense Counsel on August 13, 2014 [to which there has been no response from

22  Plaintiffs' Counsel], is the more reasonable and rationale approach pending any potential class

23  certification.  This request is also overbroad and unduly burdensome, vague and ambiguous, calls

24  for the production of confidential Third Party documents pursuant to, *inter alia*, SHREVA, HEA,

25  HIPAA, and the Cal. Pub. Utilities Code.  This request also calls for the production of documents

26  protected by the attorney-client and attorney work product privileges.  This request calls for the

27  premature disclosure of expert witness information.

28  ///

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-10-

SUPPLEMENTAL RESPONSES TO COMPILATION OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 21**

All DOCUMENTS RELATED TO any government investigations, complaints, or lawsuits RELATED TO the PHONE CALLS or any alleged violations by YOU of the TCPA, regardless of whether lawsuits arose out of such complaints.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Objection.  This request is overbroad and unduly burdensome relative to the overbroad and confusing defined terms.  This request is unduly burdensome.  As CBE has repeatedly advised, to review and research all of its records, would take several months at a cost of tens of thousands of dollars.  These metrics do not include the time and expense of review by Defense Counsel.  Thus, the proportionality of the request indicates that a more reasonable sampling approach such as that proposed by Defense Counsel on August 13, 2014 [to which there has been no response from Plaintiffs' Counsel], is the more reasonable and rationale approach pending any potential class certification.  This request is also overbroad and unduly burdensome, vague and ambiguous, calls for the production of confidential Third Party documents pursuant to, *inter alia*, SHREVA, HEA, HIPAA, and the Cal. Pub. Utilities Code.  This request also calls for the production of documents protected by the attorney-client and attorney work product privileges.  This request calls for the premature disclosure of expert witness information.

**REQUEST FOR PRODUCTION NO. 22**

All COMMUNICATIONS RELATED TO any government investigations, complaints, or lawsuits RELATED TO the PHONE CALLS or any alleged violations by YOU of the TCPA, regardless of whether lawsuits arose out of such complaints.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Objection.  Asked and answered, request 21.  This request is overbroad and unduly burdensome relative to the overbroad and confusing defined terms.  This request is unduly burdensome.  As CBE has repeatedly advised, to review and research all of its records, would take several months at a cost of tens of thousands of dollars.  These metrics do not include the time and expense of review by Defense Counsel.  Thus, the proportionality of the request indicates that a more reasonable sampling approach such as that proposed by Defense Counsel

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1    on August 13, 2014 [to which there has been no response from Plaintiffs' Counsel], is the more

2    reasonable and rationale approach pending any potential class certification.  This request is also

3    overbroad and unduly burdensome, vague and ambiguous, calls for the production of

4    confidential Third Party documents pursuant to, *inter alia*, SHREVA, HEA, HIPAA, and the

5    Cal. Pub. Utilities Code.  This request also calls for the production of documents protected by the

6    attorney-client and attorney work product privileges.  This request calls for the premature

7    disclosure of expert witness information.

8    **REQUEST FOR PRODUCTION NO. 23**

9       All insurance policies that may provide or upon which YOU may make claims for

10    coverage RELATING TO the subject matter of this lawsuit.

11    **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

12       Already provided.

13    **REQUEST FOR PRODUCTION NO. 24**

14       All DOCUMENTS and ESI RELATING TO the technological capability and capacity of

15    the TELEPHONE DIALING EQUIPMENT YOU used to make the PHONE CALLS.

16    **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

17       <u>Objection</u>.  This request is overbroad and unduly burdensome relative to the overbroad

18    and confusing defined terms.  This request also calls for the production of documents protected

19    by the attorney-client and attorney work product privileges.  This request calls for the premature

20    disclosure of expert witness information.

21    **REQUEST FOR PRODUCTION NO. 25**

22       All DOCUMENTS and ESI RELATING TO the process(es) by which YOU obtained the

23    telephone numbers of the CALL RECIPIENTS, INCLUDING the use of SKIP TRACING

24    and/or NUMBER TRAPPING.

25    **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

26       <u>Objection</u>.  This request is overbroad and unduly burdensome relative to the overbroad

27    and confusing defined terms.  This request is unduly burdensome.  As CBE has repeatedly

28    advised, to review and research all of its records, would take several months at a cost of tens of

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-12-

1    thousands of dollars.  These metrics do not include the time and expense of review by Defense

2    Counsel.  Thus, the proportionality of the request indicates that a more reasonable sampling

3    approach such as that proposed by Defense Counsel on August 13, 2014 [to which there has been

4    no response from Plaintiffs' Counsel], is the more reasonable and rationale approach pending

5    any potential class certification.  This request also calls for the production of documents

6    protected by the attorney-client and attorney work product privileges.  This request calls for the

7    premature disclosure of expert witness information. This request is also overbroad and unduly

8    burdensome, vague and ambiguous, calls for the production of confidential Third Party

9    documents pursuant to, *inter alia*, SHREVA, HEA, HIPAA, and the Cal. Pub. Utilities Code.

10   **REQUEST FOR PRODUCTION NO. 26**

11       All DOCUMENTS and ESI RELATING TO the process(es) by which YOU obtained the

12   telephone number of each PLAINTIFF, INCLUDING the use of SKIP TRACING and/or

13   NUMBER TRAPPING.

14   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

15       Objection.  This request is overbroad and unduly burdensome relative to the overbroad

16   and confusing defined terms.  This request also calls for the production of documents protected

17   by the attorney-client and attorney work product privileges.  This request calls for the premature

18   disclosure of expert witness information.

19   **REQUEST FOR PRODUCTION NO. 27**

20       All COMMUNICATIONS RELATING TO the process(es) by which YOU obtained the

21   telephone numbers of the CALL RECIPIENTS, INCLUDING the use of SKIP TRACING

22   and/or NUMBER TRAPPING.

23   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

24       Objection.  Asked and answered, request 25.  This request is overbroad and unduly

25   burdensome relative to the overbroad and confusing defined terms.  This request is unduly

26   burdensome.  As CBE has repeatedly advised, to review and research all of its records, would

27   take several months at a cost of tens of thousands of dollars.  These metrics do not include the

28   time and expense of review by Defense Counsel.  Thus, the proportionality of the request

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-13-

1    indicates that a more reasonable sampling approach such as that proposed by Defense Counsel

2    on August 13, 2014 [to which there has been no response from Plaintiffs' Counsel], is the more

3    reasonable and rationale approach pending any potential class certification.  This request also

4    calls for the production of documents protected by the attorney-client and attorney work product

5    privileges.  This request calls for the premature disclosure of expert witness information. This

6    request is also overbroad and unduly burdensome, vague and ambiguous, calls for the production

7    of confidential Third Party documents pursuant to, *inter alia*, SHREVA, HEA, HIPAA, and the

8    Cal. Pub. Utilities Code.

9    **REQUEST FOR PRODUCTION NO. 28**

10           All COMMUNICATIONS RELATING TO the process(es) by which YOU obtained the

11   telephone number of PLAINTIFF, INCLUDING the use of SKIP TRACING and/or NUMBER

12   TRAPPING.

13   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

14           Objection.  Asked and answered, request 26.  This request is overbroad and unduly

15   burdensome relative to the overbroad and confusing defined terms.  This request is unduly

16   burdensome.  As CBE has repeatedly advised, to review and research all of its records, would

17   take several months at a cost of tens of thousands of dollars.  These metrics do not include the

18   time and expense of review by Defense Counsel.  Thus, the proportionality of the request

19   indicates that a more reasonable sampling approach such as that proposed by Defense Counsel

20   on August 13, 2014 [to which there has been no response from Plaintiffs' Counsel], is the more

21   reasonable and rationale approach pending any potential class certification.  This request also

22   calls for the production of documents protected by the attorney-client and attorney work product

23   privileges.  This request calls for the premature disclosure of expert witness information.

24   **REQUEST FOR PRODUCTION NO. 29**

25           All SKIP TRACE reports RELATED TO the CALL RECIPIENTS.

26   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

27           Objection.  Asked and answered, request 25 and 27.  This request is overbroad and

28   unduly burdensome relative to the overbroad and confusing defined terms.  This request is

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-14-

1   unduly burdensome. As CBE has repeatedly advised, to review and research all of its records,

2   would take several months at a cost of tens of thousands of dollars. These metrics do not include

3   the time and expense of review by Defense Counsel. Thus, the proportionality of the request

4   indicates that a more reasonable sampling approach such as that proposed by Defense Counsel

5   on August 13, 2014 [to which there has been no response from Plaintiffs' Counsel], is the more

6   reasonable and rationale approach pending any potential class certification. This request also

7   calls for the production of documents protected by the attorney-client and attorney work product

8   privileges. This request calls for the premature disclosure of expert witness information. This

9   request is also overbroad and unduly burdensome, vague and ambiguous, calls for the production

10  of confidential Third Party documents pursuant to, *inter alia*, SHREVA, HEA, HIPAA, and the

11  Cal. Pub. Utilities Code.

12  **REQUEST FOR PRODUCTION NO. 30**

13      All SKIP TRACE reports RELATED TO the PLAINTIFFS.

14  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

15      Objection. Asked and answered, requests 26 and 28. This request is overbroad and

16  unduly burdensome relative to the overbroad and confusing defined terms. This request also

17  calls for the production of documents protected by the attorney-client and attorney work product

18  privileges. This request calls for the premature disclosure of expert witness information.

19  **REQUEST FOR PRODUCTION NO. 31**

20      All DOCUMENTS and ESI sufficient to IDENTIFY the form and format in which YOU

21  store the telephone numbers of the PLAINTIFFS and the CALL RECIPIENTS (e.g., in an

22  electronic database).

23  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

24      Objection. This request is overbroad and unduly burdensome relative to the overbroad

25  and confusing defined terms. This request, as drafted, is also not calculated to lead to the

26  discovery of admissible evidence. This request is unduly burdensome. As CBE has repeatedly

27  advised, to review and research all of its records, would take several months at a cost of tens of

28  thousands of dollars. These metrics do not include the time and expense of review by Defense

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-15-

1   Counsel.  Thus, the proportionality of the request indicates that a more reasonable sampling

2   approach such as that proposed by Defense Counsel on August 13, 2014 [to which there has been

3   no response from Plaintiffs' Counsel], is the more reasonable and rationale approach pending

4   any potential class certification.  This request also calls for the production of documents

5   protected by the attorney-client and attorney work product privileges.  This request calls for the

6   premature disclosure of expert witness information. This request is also overbroad and unduly

7   burdensome, vague and ambiguous, calls for the production of confidential Third Party

8   documents pursuant to, *inter alia*, SHREVA, HEA, HIPAA, and the Cal. Pub. Utilities Code.

9   **REQUEST FOR PRODUCTION NO. 32**

10       All COMMUNICATIONS sufficient to IDENTIFY the form and format in which YOU

11   store the telephone numbers of PLAINTIFF and the CALL RECIPIENTS (e.g., in an electronic

12   database).

13   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

14       Objection.  Asked and answered, request 31.  This request is overbroad and unduly

15   burdensome relative to the overbroad and confusing defined terms.  This request, as drafted, is

16   also not calculated to lead to the discovery of admissible evidence.  This request is unduly

17   burdensome.  As CBE has repeatedly advised, to review and research all of its records, would

18   take several months at a cost of tens of thousands of dollars.  These metrics do not include the

19   time and expense of review by Defense Counsel.  Thus, the proportionality of the request

20   indicates that a more reasonable sampling approach such as that proposed by Defense Counsel

21   on August 13, 2014 [to which there has been no response from Plaintiffs' Counsel], is the more

22   reasonable and rationale approach pending any potential class certification.  This request also

23   calls for the production of documents protected by the attorney-client and attorney work product

24   privileges.  This request calls for the premature disclosure of expert witness information. This

25   request is also overbroad and unduly burdensome, vague and ambiguous, calls for the production

26   of confidential Third Party documents pursuant to, *inter alia*, SHREVA, HEA, HIPAA, and the

27   Cal. Pub. Utilities Code.

28   ///

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

SUPPLEMENTAL RESPONSES TO COMPILATION OF REQUESTS FOR PRODUCTION OF DOCUMENTS
**EXHIBIT A - PAGE 16**

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1  **REQUEST FOR PRODUCTION NO. 33**

2      All DOCUMENTS and ESI exchanged between YOU and any PERSON RELATING

3  TO the procurement of PLAINTIFFS' telephone numbers.

4  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

5      Objection. This request is overbroad and unduly burdensome relative to the overbroad

6  and confusing defined terms. This request, as drafted, is also not calculated to lead to the

7  discovery of admissible evidence. This request also calls for the production of documents

8  protected by the attorney-client and attorney work product privileges. This request calls for the

9  premature disclosure of expert witness information.

10  **REQUEST FOR PRODUCTION NO. 34**

11      All DOCUMENTS and ESI exchanged between YOU and any PERSON RELATING

12  TO the procurement of the CALL RECIPIENTS' telephone numbers.

13  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

14      Objection. This request is overbroad and unduly burdensome relative to the overbroad

15  and confusing defined terms. This request, as drafted, is also not calculated to lead to the

16  discovery of admissible evidence. This request is unduly burdensome. As CBE has repeatedly

17  advised, to review and research all of its records, would take several months at a cost of tens of

18  thousands of dollars. These metrics do not include the time and expense of review by Defense

19  Counsel. Thus, the proportionality of the request indicates that a more reasonable sampling

20  approach such as that proposed by Defense Counsel on August 13, 2014 [to which there has been

21  no response from Plaintiffs' Counsel], is the more reasonable and rationale approach pending

22  any potential class certification. This request also calls for the production of documents

23  protected by the attorney-client and attorney work product privileges. This request calls for the

24  premature disclosure of expert witness information. This request is also overbroad and unduly

25  burdensome, vague and ambiguous, calls for the production of confidential Third Party

26  documents pursuant to, *inter alia*, SHREVA, HEA, HIPAA, and the Cal. Pub. Utilities Code.

27  **REQUEST FOR PRODUCTION NO. 35**

28      All COMMUNICATIONS between YOU and any PERSON RELATING TO the

-17-

1  procurement of PLAINTIFFS' telephone numbers.

2  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

3  Objection. This request as phrased [All COMMUNICATIONS] may call for the

4  production of attorney client communications including, but not limited to, Defense Counsel's e-

5  mail communications with Defendant relative to this Action. Further, this request as phrased

6  [All COMMUNICATIONS] may call for the production of attorney work product including, but

7  not limited to, Defense Counsel's strategy memoranda relative to this Action. A privilege log

8  will not be prepared for any of the Communications transmitted in this case by or to Defense

9  Counsel. Nor will a privilege log be prepared for any Document prepared by Defense Counsel.

10  Subject to and without waiving these objections, Responding Party responds as follows:

11  Responding Party has already produced the responsive documents it was able to locate.

12  Discovery is continuing.

13  **REQUEST FOR PRODUCTION NO. 36**

14  All COMMUNICATIONS between YOU and any investigator or employee RELATING

15  TO the procurement of the CALL RECIPIENTS' telephone numbers.

16  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

17  Objection. This request is overbroad and unduly burdensome relative to the overbroad

18  and confusing defined terms. This request is unduly burdensome. As CBE has repeatedly

19  advised, to review and research all of its records, would take several months at a cost of tens of

20  thousands of dollars. These metrics do not include the time and expense of review by Defense

21  Counsel. Thus, the proportionality of the request indicates that a more reasonable sampling

22  approach such as that proposed by Defense Counsel on August 13, 2014 [to which there has been

23  no response from Plaintiffs' Counsel], is the more reasonable and rationale approach pending

24  any potential class certification. This request is also overbroad and unduly burdensome, vague

25  and ambiguous, calls for the production of confidential Third Party documents pursuant to, *inter*

26  *alia*, SHREVA, HEA, HIPAA, and the Cal. Pub. Utilities Code.

27  **REQUEST FOR PRODUCTION NO. 37**

28  All DOCUMENTS and ESI IDENTIFYING, describing or referring to the purpose,

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-18-

1 | context, conduct, and methodology used to verify PRIOR EXPRESS CONSENT and continuing

2 | PRIOR EXPRESS CONSENT from the CALL RECIPIENTS to receive the PHONE CALLS.

3 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

4 | Objection. This request is overbroad and unduly burdensome relative to the overbroad

5 | and confusing defined terms. This request is unduly burdensome. As CBE has repeatedly

6 | advised, to review and research all of its records, would take several months at a cost of tens of

7 | thousands of dollars. These metrics do not include the time and expense of review by Defense

8 | Counsel. Thus, the proportionality of the request indicates that a more reasonable sampling

9 | approach such as that proposed by Defense Counsel on August 13, 2014 [to which there has been

10 | no response from Plaintiffs' Counsel], is the more reasonable and rationale approach pending

11 | any potential class certification. This request also calls for the production of documents

12 | protected by the attorney-client and attorney work product privileges. This request calls for the

13 | premature disclosure of expert witness information. This request is also overbroad and unduly

14 | burdensome, vague and ambiguous, calls for the production of confidential Third Party

15 | documents pursuant to, *inter alia*, SHREVA, HEA, HIPAA, and the Cal. Pub. Utilities Code.

16 | **REQUEST FOR PRODUCTION NO. 38**

17 | All training guides or manuals whereby YOU train YOUR employees and/or agents in

18 | the procurement of telephone numbers.

19 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

20 | CBE has already produced the responsive documents it was able to find. Discovery is

21 | continuing.

22 | **REQUEST FOR PRODUCTION NO. 39**

23 | All training guides or manuals whereby YOU train YOUR employees and/or agents to

24 | use the TELEPHONE DIALING EQUIPMENT YOU used to make the PHONE CALLS.

25 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

26 | CBE has already produced the responsive documents it was able to find. Discovery is

27 | continuing.

28 | ///

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-19-

**REQUEST FOR PRODUCTION NO. 40**

All DOCUMENTS and ESI sufficient to IDENTIFY the total number of DEBTORS for whom YOU hold accounts.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Objection. This request is overbroad and unduly burdensome relative to the overbroad and confusing defined terms. This request, as drafted, is also not calculated to lead to the discovery of admissible evidence. This request is unduly burdensome. As CBE has repeatedly advised, to review and research all of its records, would take several months at a cost of tens of thousands of dollars. These metrics do not include the time and expense of review by Defense Counsel. Thus, the proportionality of the request indicates that a more reasonable sampling approach such as that proposed by Defense Counsel on August 13, 2014 [to which there has been no response from Plaintiffs' Counsel], is the more reasonable and rationale approach pending any potential class certification. This request also calls for the production of documents protected by the attorney-client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request is also overbroad and unduly burdensome, vague and ambiguous, calls for the production of confidential Third Party documents pursuant to, *inter alia*, SHREVA, HEA, HIPAA, and the Cal. Pub. Utilities Code.

**REQUEST FOR PRODUCTION NO. 41**

All DOCUMENTS and ESI sufficient to IDENTIFY the total number of CALL RECIPIENTS, in a commercially usable and searchable format, such as comma delimited, CSV, pipe delimited, or similar format.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Objection. This request is overbroad and unduly burdensome relative to the overbroad and confusing defined terms. This request, as drafted, is also not calculated to lead to the discovery of admissible evidence. This request is unduly burdensome. As CBE has repeatedly advised, to review and research all of its records, would take several months at a cost of tens of thousands of dollars. These metrics do not include the time and expense of review by Defense Counsel. Thus, the proportionality of the request indicates that a more reasonable sampling

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1  approach such as that proposed by Defense Counsel on August 13, 2014 [to which there has been

2  no response from Plaintiffs' Counsel], is the more reasonable and rationale approach pending

3  any potential class certification. This request also calls for the production of documents

4  protected by the attorney-client and attorney work product privileges. This request calls for the

5  premature disclosure of expert witness information. This request is also overbroad and unduly

6  burdensome, vague and ambiguous, calls for the production of confidential Third Party

7  documents pursuant to, *inter alia*, SHREVA, HEA, HIPAA, and the Cal. Pub. Utilities Code.

8  **REQUEST FOR PRODUCTION NO. 42**

9      All DOCUMENTS and ESI sufficient to IDENTIFY the process(es) and/or method(s)

10  YOU used to determine the approximate number of CALL RECIPIENTS, in a commercially

11  usable and searchable format, such as comma delimited, CSV, pipe delimited, or similar format.

12  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

13      Objection. This request is overbroad and unduly burdensome relative to the overbroad

14  and confusing defined terms. This request, as drafted, is also not calculated to lead to the

15  discovery of admissible evidence. This request is unduly burdensome. As CBE has repeatedly

16  advised, to review and research all of its records, would take several months at a cost of tens of

17  thousands of dollars. These metrics do not include the time and expense of review by Defense

18  Counsel. Thus, the proportionality of the request indicates that a more reasonable sampling

19  approach such as that proposed by Defense Counsel on August 13, 2014 [to which there has been

20  no response from Plaintiffs' Counsel], is the more reasonable and rationale approach pending

21  any potential class certification. This request also calls for the production of documents

22  protected by the attorney-client and attorney work product privileges. This request calls for the

23  premature disclosure of expert witness information. This request is also overbroad and unduly

24  burdensome, vague and ambiguous, calls for the production of confidential Third Party

25  documents pursuant to, *inter alia*, SHREVA, HEA, HIPAA, and the Cal. Pub. Utilities Code.

26  **REQUEST FOR PRODUCTION NO. 43**

27      All DOCUMENTS and ESI sufficient to IDENTIFY the total number of PHONE CALLS

28  made by YOU to CALL RECIPIENTS' cellular telephones and the TELEPHONE DIALING

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-21-

1   EQUIPMENT used to make such PHONE CALLS.

2   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

3       Objection. This request is overbroad and unduly burdensome relative to the overbroad

4   and confusing defined terms. This request, as drafted, is also not calculated to lead to the

5   discovery of admissible evidence. This request is unduly burdensome. As CBE has repeatedly

6   advised, to review and research all of its records, would take several months at a cost of tens of

7   thousands of dollars. These metrics do not include the time and expense of review by Defense

8   Counsel. Thus, the proportionality of the request indicates that a more reasonable sampling

9   approach such as that proposed by Defense Counsel on August 13, 2014 [to which there has been

10  no response from Plaintiffs' Counsel], is the more reasonable and rationale approach pending

11  any potential class certification. This request also calls for the production of documents

12  protected by the attorney-client and attorney work product privileges. This request calls for the

13  premature disclosure of expert witness information. This request is also overbroad and unduly

14  burdensome, vague and ambiguous, calls for the production of confidential Third Party

15  documents pursuant to, *inter alia*, SHREVA, HEA, HIPAA, and the Cal. Pub. Utilities Code.

16  **REQUEST FOR PRODUCTION NO. 44**

17      All DOCUMENTS and ESI sufficient to IDENTIFY the total number of DEBTOR

18  accounts that have only one associated telephone number.

19  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

20      Objection. This request is overbroad and unduly burdensome relative to the overbroad

21  and confusing defined terms. This request, as drafted, is also not calculated to lead to the

22  discovery of admissible evidence. This request is unduly burdensome. As CBE has repeatedly

23  advised, to review and research all of its records, would take several months at a cost of tens of

24  thousands of dollars. These metrics do not include the time and expense of review by Defense

25  Counsel. Thus, the proportionality of the request indicates that a more reasonable sampling

26  approach such as that proposed by Defense Counsel on August 13, 2014 [to which there has been

27  no response from Plaintiffs' Counsel], is the more reasonable and rationale approach pending

28  any potential class certification. This request also calls for the production of documents

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-22-

1  protected by the attorney-client and attorney work product privileges.  This request calls for the

2  premature disclosure of expert witness information. This request is also overbroad and unduly

3  burdensome, vague and ambiguous, calls for the production of confidential Third Party

4  documents pursuant to, *inter alia*, SHREVA, HEA, HIPAA, and the Cal. Pub. Utilities Code.

5  **REQUEST FOR PRODUCTION NO. 45**

6      All DOCUMENTS and ESI sufficient to IDENTIFY the process(es) and/or method(s) by

7  which YOU IDENTIFY the source of the telephone numbers associated with YOUR

8  DEBTORS' accounts (e.g., whether they were contained in an original agreement executed by

9  the DEBTOR or were obtained at a later date over the phone, through subsequent paperwork,

10  SKIP TRACING, NUMBER TRAPPING, etc.).

11  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

12      Objection.  This request is overbroad and unduly burdensome relative to the overbroad

13  and confusing defined terms.  This request also calls for the production of documents protected

14  by the attorney-client and attorney work product privileges.  This request calls for the premature

15  disclosure of expert witness information. This request is also overbroad and unduly burdensome,

16  vague and ambiguous, calls for the production of confidential Third Party documents pursuant

17  to, *inter alia*, SHREVA, HEA, HIPAA, and the Cal. Pub. Utilities Code.

18  **REQUEST FOR PRODUCTION NO. 46**

19      All DOCUMENTS and ESI sufficient to IDENTIFY all telephone numbers YOU have

20  obtained through SKIP TRACING.

21  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

22      Objection.  Asked and answered.  This request is overbroad and unduly burdensome

23  relative to the overbroad and confusing defined terms.  This request is unduly burdensome.  As

24  CBE has repeatedly advised, to review and research all of its records, would take several months

25  at a cost of tens of thousands of dollars.  These metrics do not include the time and expense of

26  review by Defense Counsel.  Thus, the proportionality of the request indicates that a more

27  reasonable sampling approach such as that proposed by Defense Counsel on August 13, 2014 [to

28  which there has been no response from Plaintiffs' Counsel], is the more reasonable and rationale

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-23-

1   approach pending any potential class certification.  This request also calls for the production of

2   documents protected by the attorney-client and attorney work product privileges.  This request

3   calls for the premature disclosure of expert witness information. This request is also overbroad

4   and unduly burdensome, vague and ambiguous, calls for the production of confidential Third

5   Party documents pursuant to, *inter alia*, SHREVA, HEA, HIPAA, and the Cal. Pub. Utilities

6   Code.

7   **REQUEST FOR PRODUCTION NO. 47**

8        All DOCUMENTS and ESI sufficient to IDENTIFY all telephone numbers YOU have

9   obtained through NUMBER TRAPPING.

10  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

11       Objection.  This request is overbroad and unduly burdensome relative to the overbroad

12  and confusing defined terms.  This request is unduly burdensome.  As CBE has repeatedly

13  advised, to review and research all of its records, would take several months at a cost of tens of

14  thousands of dollars.  These metrics do not include the time and expense of review by Defense

15  Counsel.  Thus, the proportionality of the request indicates that a more reasonable sampling

16  approach such as that proposed by Defense Counsel on August 13, 2014 [to which there has been

17  no response from Plaintiffs' Counsel], is the more reasonable and rationale approach pending

18  any potential class certification.  This request also calls for the production of documents

19  protected by the attorney-client and attorney work product privileges.  This request calls for the

20  premature disclosure of expert witness information. This request is also overbroad and unduly

21  burdensome, vague and ambiguous, calls for the production of confidential Third Party

22  documents pursuant to, *inter alia*, SHREVA, HEA, HIPAA, and the Cal. Pub. Utilities Code.

23  **REQUEST FOR PRODUCTION NO. 48**

24       All DOCUMENTS and ESI that YOU contend support YOUR thirteenth affirmative

25  defense in YOUR ANSWER in which YOU state, "Defendant denies that any violation of 47

26  U.S.C. § 227 occurred, or that such statue is relevant.  However, to the extent that this statute is

27  deemed relevant, Defendant asserts that it had prior express consent to dial any numbers called

28  and, as such, no violation occurred."

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-24-

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Objection. Asked and answered - # 1. This request is overbroad and unduly burdensome relative to the overbroad and confusing defined terms. This request is unduly burdensome. As CBE has repeatedly advised, to review and research all of its records, would take several months at a cost of tens of thousands of dollars. These metrics do not include the time and expense of review by Defense Counsel. Thus, the proportionality of the request indicates that a more reasonable sampling approach such as that proposed by Defense Counsel on August 13, 2014 [to which there has been no response from Plaintiffs' Counsel], is the more reasonable and rationale approach pending any potential class certification. This request also calls for the production of documents protected by the attorney-client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request is also overbroad and unduly burdensome, vague and ambiguous, calls for the production of confidential Third Party documents pursuant to, *inter alia*, SHREVA, HEA, HIPAA, and the Cal. Pub. Utilities Code.

**REQUEST FOR PRODUCTION NO. 49**

All records, INCLUDING call logs and call notes, of PHONE CALLS placed to each PLAINTIFF and each CALL RECIPIENT.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Objection. Asked and answered. This request is overbroad and unduly burdensome relative to the overbroad and confusing defined terms. This request is unduly burdensome. As CBE has repeatedly advised, to review and research all of its records, would take several months at a cost of tens of thousands of dollars. These metrics do not include the time and expense of review by Defense Counsel. Thus, the proportionality of the request indicates that a more reasonable sampling approach such as that proposed by Defense Counsel on August 13, 2014 [to which there has been no response from Plaintiffs' Counsel], is the more reasonable and rationale approach pending any potential class certification. This request also calls for the production of documents protected by the attorney-client and attorney work product privileges. This request calls for the premature disclosure of expert witness information. This request is also overbroad

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-25-

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1    and unduly burdensome, vague and ambiguous, calls for the production of confidential Third

2    Party documents pursuant to, *inter alia*, SHREVA, HEA, HIPAA, and the Cal. Pub. Utilities

3    Code.

4    **REQUEST FOR PRODUCTION NO. 50**

5          All written REMOVAL REQUESTS submitted to YOU by each PLAINTIFF and the

6    CALL RECIPIENTS.

7    **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

8          Objection.  This request is overbroad and unduly burdensome relative to the overbroad

9    and confusing defined terms.  This request is unduly burdensome.  As CBE has repeatedly

10   advised, to review and research all of its records, would take several months at a cost of tens of

11   thousands of dollars.  These metrics do not include the time and expense of review by Defense

12   Counsel.  Thus, the proportionality of the request indicates that a more reasonable sampling

13   approach such as that proposed by Defense Counsel on August 13, 2014 [to which there has been

14   no response from Plaintiffs' Counsel], is the more reasonable and rationale approach pending

15   any potential class certification.  This request also calls for the production of documents

16   protected by the attorney-client and attorney work product privileges.  This request calls for the

17   premature disclosure of expert witness information. This request is also overbroad and unduly

18   burdensome, vague and ambiguous, calls for the production of confidential Third Party

19   documents pursuant to, *inter alia*, SHREVA, HEA, HIPAA, and the Cal. Pub. Utilities Code.

20   **REQUEST FOR PRODUCTION NO. 51**

21         All records of oral REMOVAL REQUESTS submitted to YOU by each PLAINTIFF and

22   the CALL RECIPIENTS.

23   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

24         Objection.  This request is overbroad and unduly burdensome relative to the overbroad

25   and confusing defined terms.  This request is unduly burdensome.  As CBE has repeatedly

26   advised, to review and research all of its records, would take several months at a cost of tens of

27   thousands of dollars.  These metrics do not include the time and expense of review by Defense

28   Counsel.  Thus, the proportionality of the request indicates that a more reasonable sampling

-26-

1   approach such as that proposed by Defense Counsel on August 13, 2014 [to which there has been

2   no response from Plaintiffs' Counsel], is the more reasonable and rationale approach pending

3   any potential class certification.  This request also calls for the production of documents

4   protected by the attorney-client and attorney work product privileges.  This request calls for the

5   premature disclosure of expert witness information. This request is also overbroad and unduly

6   burdensome, vague and ambiguous, calls for the production of confidential Third Party

7   documents pursuant to, *inter alia*, SHREVA, HEA, HIPAA, and the Cal. Pub. Utilities Code.

8   **REQUEST FOR PRODUCTION NO. 52**

9       All audio recordings of PHONE CALLS that include REMOVAL REQUESTS.

10  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 52**

11      Objection.  This request is overbroad and unduly burdensome relative to the overbroad

12  and confusing defined terms.  This request is unduly burdensome.  As CBE has repeatedly

13  advised, to review and research all of its records, would take several months at a cost of tens of

14  thousands of dollars.  These metrics do not include the time and expense of review by Defense

15  Counsel.  Thus, the proportionality of the request indicates that a more reasonable sampling

16  approach such as that proposed by Defense Counsel on August 13, 2014 [to which there has been

17  no response from Plaintiffs' Counsel], is the more reasonable and rationale approach pending

18  any potential class certification.  This request also calls for the production of documents

19  protected by the attorney-client and attorney work product privileges.  This request calls for the

20  premature disclosure of expert witness information. This request is also overbroad and unduly

21  burdensome, vague and ambiguous, calls for the production of confidential Third Party

22  documents pursuant to, *inter alia*, SHREVA, HEA, HIPAA, and the Cal. Pub. Utilities Code.

23  **REQUEST FOR PRODUCTION NO. 53**

24      All of YOUR written policies, manuals and other DOCUMENTS RELATED TO

25  processing and honoring REMOVAL REQUESTS.

26  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

27      Objection.  Asked and answered. This request is overbroad and unduly burdensome

28  relative to the overbroad and confusing defined terms.  This request also calls for the production

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-27-

1   of documents protected by the attorney-client and attorney work product privileges.  This request

2   calls for the premature disclosure of expert witness information.

3   **REQUEST FOR PRODUCTION NO. 54**

4       All DOCUMENTS and/or ESI sufficient to IDENTIFY the processes and/or method(s)

5   by which YOU issue confirmation numbers to PERSONS who make REMOVAL REQUESTS.

6   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

7       Objection.  Asked and answered. This request is overbroad and unduly burdensome

8   relative to the overbroad and confusing defined terms.  This request is unduly burdensome.  As

9   CBE has repeatedly advised, to review and research all of its records, would take several months

10  at a cost of tens of thousands of dollars.  These metrics do not include the time and expense of

11  review by Defense Counsel.  Thus, the proportionality of the request indicates that a more

12  reasonable sampling approach such as that proposed by Defense Counsel on August 13, 2014 [to

13  which there has been no response from Plaintiffs' Counsel], is the more reasonable and rationale

14  approach pending any potential class certification.  This request also calls for the production of

15  documents protected by the attorney-client and attorney work product privileges.  This request

16  calls for the premature disclosure of expert witness information. This request is also overbroad

17  and unduly burdensome, vague and ambiguous, calls for the production of confidential Third

18  Party documents pursuant to, *inter alia*, SHREVA, HEA, HIPAA, and the Cal. Pub. Utilities

19  Code.

20  **REQUEST FOR PRODUCTION NO. 55**

21      All DOCUMENTS and/or ESI RELATING TO YOUR procedures and criteria for

22  ensuring YOUR compliance with the TCPA.

23  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

24      Objection.  Asked and answered. This request is overbroad and unduly burdensome

25  relative to the overbroad and confusing defined terms.  This request relative to "All

26  DOCUMENTS" and "RELATING TO" also calls for the production of documents protected by

27  the attorney-client and attorney work product privileges.  This request calls for the premature

28  disclosure of expert witness information.

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-28-

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1   **REQUEST FOR PRODUCTION NO. 56**

2         All COMMUNICATIONS RELATING TO YOUR procedures and criteria for ensuring

3   YOUR compliance with the TCPA.

4   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

5         <u>Objection</u>.  Asked and answered. Asked and answered, request 55. This request is

6   overbroad and unduly burdensome relative to the overbroad and confusing defined terms.  This

7   request relative to "All DOCUMENTS" and "RELATING TO" also calls for the production of

8   documents protected by the attorney-client and attorney work product privileges.  This request

9   calls for the premature disclosure of expert witness information.

10   **REQUEST FOR PRODUCTION NO. 57**

11         All DOCUMENTS THAT explain YOUR policies, procedures and practices used by

12   YOUR employees in determining whether the persons to be called by YOU on their cellular

13   phone have or have not provided YOU with prior express consent prior to YOU making a

14   collection call on a DIALER.

15   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

16         <u>Objection</u>.  Asked and answered. Asked and answered. This request is overbroad and

17   unduly burdensome relative to the overbroad and confusing defined terms.  This request relative

18   to "All DOCUMENTS" also calls for the production of documents protected by the attorney-

19   client and attorney work product privileges.  This request calls for the premature disclosure of

20   expert witness information.

21   **REQUEST FOR PRODUCTION NO. 58**

22         All DOCUMENTS that explain and IDENTIFY by make, model number and other

23   identifying information, all the types of dialing tools and equipment, including all manual,

24   "preview", "click to call" and other dialing equipment, used by YOU to call cell phones by a

25   method other than by using an autodialer or predictive dialer during the RELEVANT TIME

26   PERIOD.

27   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

28         <u>Objection</u>.  Asked and answered. This request is overbroad and unduly burdensome

-29-

1    relative to the overbroad and confusing defined terms.  This request relative to "All

2    DOCUMENTS" also calls for the production of documents protected by the attorney-client and

3    attorney work product privileges.  This request calls for the premature disclosure of expert

4    witness information.

5    **REQUEST FOR PRODUCTION NO. 59**

6           All DOCUMENTS that refer to, relate to or explain all the different ways in which YOU

7    have dialed calls on YOUR TELEPHONE DIALING EQUIPMENT, including any manner of

8    making automated calls, "manual" dialing, "preview" dialing, "click to call" or any other means

9    of allowing a caller or operator to intercede in the process of dialing cell phone or other

10   telephone numbers, with or without the use of an autodialer or predictive dialer.

11   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

12          Objection.  Asked and answered. This request is overbroad and unduly burdensome

13   relative to the overbroad and confusing defined terms.  This request relative to "All

14   DOCUMENTS" also calls for the production of documents protected by the attorney-client and

15   attorney work product privileges.  This request calls for the premature disclosure of expert

16   witness information.

17   **REQUEST FOR PRODUCTION NO. 60**

18          All DOCUMENTS that refer to or relate to the policies and procedures YOU used in

19   deciding the manner of dialing used for each call YOU made to Plaintiff during the RELEVANT

20   TIME PERIOD, including the specific procedures YOU used, i.e., "preview" mode, "click to

21   call" mode, manually dialing within or outside the autodialer or predictive dialer.

22   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

23          Objection.  Asked and answered. This request is overbroad and unduly burdensome

24   relative to the overbroad and confusing defined terms.  This request relative to "All

25   DOCUMENTS" also calls for the production of documents protected by the attorney-client and

26   attorney work product privileges.  This request calls for the premature disclosure of expert

27   witness information.

28   ///

*Gordon & Rees LLP*
*2211 Michelson Drive Suite 400*
*Irvine, CA 92612*

-30-

1  **REQUEST FOR PRODUCTION NO. 61**

2      All DOCUMENTS that contain, relate to or refer to each PLAINTIFF'S account notes or

3  other COMMUNICATIONS YOU had with each PLAINTIFF, during the RELEVANT TIME

4  PERIOD.

5  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

6      Objection. Asked and answered. This request is overbroad and unduly burdensome

7  relative to the overbroad and confusing defined terms. This request relative to "All

8  DOCUMENTS" also calls for the production of documents protected by the attorney-client and

9  attorney work product privileges. This request calls for the premature disclosure of expert

10  witness information.

11  **REQUEST FOR PRODUCTION NO. 62**

12      All DOCUMENTS that explain, refer to or relate to YOUR policies about whether, and

13  in what circumstances, YOU decide to remove or prevent a call from being called by an

14  autodialer or predictive dialer in order to dial the call in another manner, including by dialing the

15  call "manually", in "preview" mode, "click to call" or by other means.

16  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

17      Objection. Asked and answered. This request is overbroad and unduly burdensome

18  relative to the overbroad and confusing defined terms. This request relative to "All

19  DOCUMENTS" also calls for the production of documents protected by the attorney-client and

20  attorney work product privileges. This request calls for the premature disclosure of expert

21  witness information.

22  **REQUEST FOR PRODUCTION NO. 63**

23      All DOCUMENTS that refer to, relate to or explain any training given to YOUR

24  employees and agents regarding or relating to YOUR policies used in determining whether a call

25  is to be dialed by an autodialer, predictive dialer or other method, including but not limited to

26  dialing the call manually, in "preview" mode, "click to call" or by other methods.

27  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

28      Objection. Asked and answered. This request is overbroad and unduly burdensome

SUPPLEMENTAL RESPONSES TO COMPILATION OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1  relative to the overbroad and confusing defined terms.  This request relative to "All

2  DOCUMENTS" also calls for the production of documents protected by the attorney-client and

3  attorney work product privileges.  This request calls for the premature disclosure of expert

4  witness information.

5  **REQUEST FOR PRODUCTION NO. 64**

6       All DOCUMENTS that explain the exact manner, step by step, in which YOU require

7  that YOUR employee or agent to physically dial a call when it is not dialed directly by the

8  autodialer or predictive dialer, including when it is "manually" dialed or dialed in the "preview"

9  mode, "click to call" or by other means, and that reflect the dates in which these procedures were

10  implemented.

11  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

12       Objection.  Asked and answered. This request is overbroad and unduly burdensome

13  relative to the overbroad and confusing defined terms.  This request relative to "All

14  DOCUMENTS" also calls for the production of documents protected by the attorney-client and

15  attorney work product privileges.  This request calls for the premature disclosure of expert

16  witness information.

17  **REQUEST FOR PRODUCTION NO. 65**

18       All DOCUMENTS that state the methods used by YOU to store and identify the manner

19  in which a call was dialed, whether as an automated call, "manually" dialed, in a "preview"

20  mode, "click to call" or other means, and how to extract that information from YOUR system.

21  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

22       Objection.  Asked and answered. This request is overbroad and unduly burdensome

23  relative to the overbroad and confusing defined terms.  This request relative to "All

24  DOCUMENTS" also calls for the production of documents protected by the attorney-client and

25  attorney work product privileges.  This request calls for the premature disclosure of expert

26  witness information.

27  ///

28  ///

SUPPLEMENTAL RESPONSES TO COMPILATION OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**SET THREE SERVED ON MAY 22, 2014**

**REQUEST FOR PRODUCTION NO. 66:**

All DOCUMENTS YOU have RELATING TO a debt involving Linda Blair that was allegedly owed to Dish Network, or any other creditor for whom YOU were attempting to collect a debt from Linda Blair, including any application for services or other documents provided by such creditor(s) to YOU.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 66:**

Objection.  This request as phrased [All DOCUMENTS YOU have RELATING TO] may call for the production of attorney client communications including, but not limited to, Defense Counsel's e-mail communications with Defendant relative to this Action.  Further, this request as phrased [All DOCUMENTS YOU have RELATING TO] may call for the production of an attorney work product including, but not limited to, Defense Counsel's strategy memoranda relative to this Action.  A privilege log will not be prepared for any of the Communications transmitted in this case by or to Defense Counsel.  Nor will a privilege log be prepared for any Document prepared by Defense Counsel. Asked and answered 1, 5, 8, 9, 13, 15, 16, 37, 48, 49 & 61. Responding Party was not attempting to collect a debt from Linda Blair relating to a Dish Network account.  Thus, this request is unduly burdensome and meant solely to annoy and harass Defendant as Plaintiffs' Counsel has been put on notice regarding these facts for almost a year. Responding Party further objects to this request on the grounds that it cannot disclose the information requested without violating *47 U.S.C. § 338(i)(4)(a)* which prohibits the disclosure of personally identifiable information concerning any satellite subscriber without prior notice and written or electronic consent of the subscriber.  Thus, this request is overbroad and burdensome and calls for the production of confidential Third Party documents. Defendant anticipates disclosing Expert Witnesses pursuant to FRCP 26.  Thus, this request, as phrased [All DOCUMENTS YOU have RELATING TO] could call for the premature disclosure of expert witness information.

///

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

SUPPLEMENTAL RESPONSES TO COMPILATION OF REQUESTS FOR PRODUCTION OF DOCUMENTS

EXHIBIT A - PAGE 33

1  **REQUEST FOR PRODUCTION NO. 67:**

2      All DOCUMENTS upon which YOU are relying to establish that YOU had prior express

3  consent to call Plaintiff Linda Blair on her cell phone during the RELEVANT TIME PERIOD.

4  **RESPONSE TO REQUEST NO. 67:**

5      Objection.  Asked and answered 1, 5, 8, 9, 13, 15, 16, 37, 48, 49, 61 & 66.

6  **REQUEST FOR PRODUCTION NO. 68:**

7      All DOCUMENTS YOU have RELATING TO any debt involving Diane Deal that was

8  allegedly owed to Dish Network, or any other creditor(s) for whom YOU were attempting to

9  collect a debt from Diane Deal, including any application for services or other documents

10  provided by such creditor(s) to YOU.

11  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 68:**

12      Objection.  This request as phrased [All DOCUMENTS YOU have RELATING TO]

13  may call for the production of attorney client communications including, but not limited to,

14  Defense Counsel's e-mail communications with Defendant relative to this Action.  Further, this

15  request as phrased [All DOCUMENTS YOU have RELATING TO] may call for the production

16  of an attorney work product including, but not limited to, Defense Counsel's strategy

17  memoranda relative to this Action.  A privilege log will not be prepared for any of the

18  Communications transmitted in this case by or to Defense Counsel.  Nor will a privilege log be

19  prepared for any Document prepared by Defense Counsel. Asked and answered 5, 10, 11, 13, 15,

20  16, 49 & 61. Responding Party was not attempting to collect a debt owed to Dish Network from

21  Diane Deal.  Thus, this request is unduly burdensome and meant solely to annoy and harass

22  Defendant as Plaintiffs' Counsel has been put on notice regarding these facts for almost a year.

23  **REQUEST FOR PRODUCTION NO. 69:**

24      All DOCUMENTS upon which YOU are relying to establish that YOU had prior express

25  consent to call Plaintiff Diane Deal on her cell phone during the RELEVANT TIME PERIOD.

26  **RESPONSE TO REQUEST NO. 69:**

27      Objection.  Asked and answered 5, 10, 11, 13, 15, 16, 49, 61 & 68.

28  ///

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

SUPPLEMENTAL RESPONSES TO COMPILATION OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1  **REQUEST FOR PRODUCTION NO. 70:**

2      All DOCUMENTS YOU have RELATING TO any debt involving Shannon Collins, that

3  was allegedly owed to any creditor(s) for whom YOU were attempting to collect a debt from

4  Shannon Collins, including any application for services or other documents provided by such

5  creditor(s) to YOU.

6  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 70:**

7      Objection. This request as phrased [All DOCUMENTS YOU have RELATING TO]

8  may call for the production of attorney client communications including, but not limited to,

9  Defense Counsel's e-mail communications with Defendant relative to this Action. Further, this

10  request as phrased [All DOCUMENTS YOU have RELATING TO] may call for the production

11  of a attorney work product including, but not limited to, Defense Counsel's strategy memoranda

12  relative to this Action. A privilege log will not be prepared for any of the Communications

13  transmitted in this case by or to Defense Counsel. Nor will a privilege log be prepared for any

14  Document prepared by Defense Counsel.

15  **REQUEST FOR PRODUCTION NO. 71:**

16      All DOCUMENTS upon which YOU are relying to establish that YOU had prior express

17  consent to call Plaintiff Shannon Collins on her cell phone during the RELEVANT TIME

18  PERIOD.

19  **RESPONSE TO REQUEST NO. 71:**

20      Objection. This request is duplicative of Request for Production No. 70, and has

21  therefore been asked and answered.

22  **REQUEST FOR PRODUCTION NO. 72:**

23      All DOCUMENTS RELATING TO any COMMUNICATIONS between YOU and

24  PLAINTIFF Shannon Collins, INCLUDING any account notes, notes and other writings by

25  YOU RELATING TO any such communications, and including any audio recordings made of

26  any PHONE CALLS between YOU and PLAINTIFF Shannon Collins.

27  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 72:**

28      Objection. This request as phrased [All DOCUMENTS RELATING TO] may call for

-35-

1   the production of attorney client communications including, but not limited to, Defense

2   Counsel's e-mail communications with Defendant relative to this Action.  Further, this request as

3   phrased [All DOCUMENTS RELATING TO] may call for the production of a attorney work

4   product including, but not limited to, Defense Counsel's strategy memoranda relative to this

5   Action.  A privilege log will not be prepared for any of the Communications transmitted in this

6   case by or to Defense Counsel.  Nor will a privilege log be prepared for any Document prepared

7   by Defense Counsel. This request is duplicative of Request for Production No. 70, and has

8   therefore been asked and answered.

9   **REQUEST FOR PRODUCTION NO. 73:**

10         All DOCUMENTS RELATING TO ANY COMMUNICATIONS that YOU contend

11   represent PRIOR EXPRESS CONSENT provided by each PLAINTIFF to receive PHONE

12   CALLS.

13   **RESPONSE TO REQUEST NO. 73:**

14         Objection.  This request as phrased [All DOCUMENTS RELATING TO] may call for

15   the production of attorney client communications including, but not limited to, Defense

16   Counsel's e-mail communications with Defendant relative to this Action.  Further, this request as

17   phrased [All DOCUMENTS RELATING TO] may call for the production of a attorney work

18   product including, but not limited to, Defense Counsel's strategy memoranda relative to this

19   Action.  A privilege log will not be prepared for any of the Communications transmitted in this

20   case by or to Defense Counsel.  Nor will a privilege log be prepared for any Document prepared

21   by Defense Counsel. This request is unduly burdensome in scope and time relative to the

22   unnamed class members. This request is duplicative of Requests for Production Nos. 1, 37, 48,

23   and 70-72, and has therefore been asked and answered.

24   **REQUEST FOR PRODUCTION NO. 74:**

25         All DOCUMENTS RELATING TO the chronology, date first used, and other

26   information RELATED TO the timing by YOU of YOUR adoption of the TELEPHONE

27   DIALING EQUIPMENT listed, described and set forth in the "Manual Clicker Application"

28   Notice Of Publication of Application dated November 14, 2013 by the Applicant Innovation

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-36-

1    Software, LLC.

2    **RESPONSE TO REQUEST NO. 74:**

3         Objection.  This request as phrased [All DOCUMENTS RELATING TO] may call for

4    the production of attorney client communications including, but not limited to,

5         Defense Counsel's e-mail communications with Defendant relative to this Action.

6    Further, this request as phrased [All DOCUMENTS RELATING TO] may call for the

7    production of a attorney work product including, but not limited to, Defense Counsel's strategy

8    memoranda relative to this Action.  A privilege log will not be prepared for any of the

9    Communications transmitted in this case by or to Defense Counsel.  Nor will a privilege log be

10   prepared for any Document prepared by Defense Counsel. This request is duplicative of

11   Requests for Production Nos. 12, 39, 58, and 59, and has therefore been asked and answered.

12   This request is unduly burdensome in scope and time relative to the unnamed class members.

13   Further this request is vague and ambiguous as to the defined term TELEPHONE DIALING

14   EQUIPMENT in that the definition contains at least three additional defined terms, which in turn

15   refer to additional defined taints, some of which are not provided in the requests, such as

16   METADATA, LAN, WAN, and PDC. This request seeks to impose an obligation on Responding

17   Party to create documents, which is unduly burdensome and harassing. In addition, the request is

18   compound and not sufficiently tailored enough to identify what documents are sought.

19   **REQUEST FOR PRODUCTION NO. 75:**

20        All DOCUMENTS and ESI RELATING TO the present TELEPHONE DIALING

21   EQUIPMENT used by YOU as detailed in the "Manual Clicker Application" Notice Of

22   Publication of Application dated November 14, 2013 by the Applicant Innovation Software,

23   LLC, INCLUDING any instruction manuals, training manuals and other instructions

24   RELATING TO its processes, operations, procedures, capabilities, use of the dialer, use of its

25   storage capacity, the use of the "clicker" process, and all other parts of that TELEPHONE

26   DIALING EQUIPMENT.

27   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 75:**

28        Objection.  This request as phrased [All DOCUMENTS and ESI RELATING TO] may

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-37-

1    call for the production of attorney client communications including, but not limited to, Defense

2    Counsel's e-mail communications with Defendant relative to this Action.  Further, this request as

3    phrased [All DOCUMENTS and ESI RELATING TO] may call for the production of a attorney

4    work product including, but not limited to, Defense Counsel's strategy memoranda relative to

5    this Action.  A privilege log will not be prepared for any of the Communications transmitted in

6    this case by or to Defense Counsel.  Nor will a privilege log be prepared for any Document

7    prepared by Defense Counsel. This request is duplicative of Requests for Production Nos. 12, 39,

8    58, and 59, and 74, and has therefore been asked and answered. Further, this request is vague and

9    ambiguous as to the defined term TELEPHONE DIALING EQUIPMENT in that the definition

10   contains at least three additional defined terms, which in turn refer to additional defined terms,

11   some of which are not provided in the requests, such as METADATA, LAN, WAN, and PDC.

12   **REQUEST FOR PRODUCTION NO. 76:**

13           All DOCUMENTS RELATING TO any and all TELEPHONE DIALING EQUIPMENT

14   YOU used during the RELEVANT TIME PERIOD prior to YOUR use and implementation of

15   the TELEPHONE DIALING EQUIPMENT listed, described and set forth in the "Manual

16   Clicker Application" Notice Of Publication of Application dated November 14, 2013 by the

17   Applicant Innovation Software, LLC

18   **RESPONSE TO REQUEST NO. 76:**

19           Objection.  This request as phrased [All DOCUMENTS RELATING TO] may call for

20   the production of attorney client communications including, but not limited to, Defense

21   Counsel's e-mail communications with Defendant relative to this Action.  Further, this request as

22   phrased [All DOCUMENTS RELATING TO] may call for the production of a attorney work

23   product including, but not limited to, Defense Counsel's strategy memoranda relative to this

24   Action.  A privilege log will not be prepared for any of the Communications transmitted in this

25   case by or to Defense Counsel.  Nor will a privilege log be prepared for any Document prepared

26   by Defense Counsel. This request is duplicative of Requests for Production Nos. 12, 39, 58, and

27   59, and has therefore been asked and answered. Further, this request is vague and ambiguous as

28   to the defined term TELEPHONE DIALING EQUIPMENT in that the definition contains at

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-38-

1   least three additional defined terms, which in turn refer to additional defined terms, some of

2   which are not provided in the requests, such as METADATA, LAN, WAN, and PDC. In

3   addition, this request also calls for the production of documents protected by the attorney-client

4   and attorney work product privileges. Defendant anticipates disclosing Expert Witnesses

5   pursuant to FRCP 26.  Thus, this request, as phrased [All DOCUMENTS RELATING TO] could

6   call for the premature disclosure of expert witness information.

7   **REQUEST FOR PRODUCTION NO. 77:**

8       All DOCUMENTS RELATING TO any and all TELEPHONE DIALING EQUIPMENT

9   YOU used that delivered artificial voice or prerecorded messages RELEVANT TIME PERIOD.

10  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 77:**

11      Objection.  This request as phrased [All DOCUMENTS RELATING TO] may call for

12  the production of attorney client communications including, but not limited to, Defense

13  Counsel's e-mail communications with Defendant relative to this Action.  Further, this request as

14  phrased [All DOCUMENTS RELATING TO] may call for the production of a attorney work

15  product including, but not limited to, Defense Counsel's strategy memoranda relative to this

16  Action.  A privilege log will not be prepared for any of the Communications transmitted in this

17  case by or to Defense Counsel.  Nor will a privilege log be prepared for any Document prepared

18  by Defense Counsel. This request is vague and ambiguous as to the defined term TELEPHONE

19  DIALING EQUIPMENT in that the definition contains at least three additional defined terms,

20  which in turn refer to additional defined terms, some of which are not provided in the requests,

21  such as METADATA, LAN, WAN, and PDC.

22  **REQUEST FOR PRODUCTION NO. 78:**

23      All DOCUMENTS and ESI RELATING TO the brand names, model numbers, brand and

24  type of software used, technological capability, capacity and any other identifying characteristics

25  of any and all of the TELEPHONE DIALING EQUIPMENT YOU used to make PHONE

26  CALLS during the RELEVANT TIME PERIOD prior to YOUR use and implementation of the

27  TELEPHONE DIALING EQUIPMENT listed, described and set forth in the "Manual Clicker

28  Application" Notice Of Publication of Application dated November 14, 2013 by the Applicant

-39-

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1   Innovation Software, LLC.

2   **RESPONSE TO REQUEST NO. 78:**

3         Objection. This request as phrased [All DOCUMENTS and ESI RELATING TO] may

4   call for the production of attorney client communications including, but not limited to, Defense

5   Counsel's e-mail communications with Defendant relative to this Action. Further, this request as

6   phrased [All DOCUMENTS and ESI RELATING TO] may call for the production of a attorney

7   work product including, but not limited to, Defense Counsel's strategy memoranda relative to

8   this Action. A privilege log will not be prepared for any of the Communications transmitted in

9   this case by or to Defense Counsel. Nor will a privilege log be prepared for any Document

10  prepared by Defense Counsel. This request is duplicative of Requests for Production Nos. 12, 39,

11  58, and 59, and has therefore been asked and answered. In addition, this request is overbroad and

12  unduly burdensome as to time. Further, this request is vague and ambiguous as to the defined

13  term TELEPHONE DIALING EQUIPMENT in that the definition contains at least three

14  additional defined terms, which in turn refer to additional defined terms, some of which are not

15  provided in the requests, such as METADATA, LAN, WAN, and PDC. Defendant anticipates

16  disclosing Expert Witnesses pursuant to FRCP 26. Thus, this request, as phrased [All

17  DOCUMENTS and ESI RELATING TO] could call for the premature disclosure of expert

18  witness information. Defendant anticipates disclosing Expert Witnesses pursuant to FRCP 26.

19  Thus, this request, as phrased [All DOCUMENTS and ESI RELATING TO] could call for the

20  premature disclosure of expert witness information.

21  **REQUEST FOR PRODUCTION NO. 79:**

22        All DOCUMENTS RELATING TO COMMUNICATIONS about the process(es) by

23  which YOU obtained the telephone number of PLAINTIFFS, INCLUDING the use of SKIP

24  TRACING and/or NUMBER TRAPPING.

25  **RESPONSE TO REQUEST NO. 79:**

26        Objection. This request as phrased [All DOCUMENTS RELATING TO] may call for

27  the production of attorney client communications including, but not limited to, Defense

28  Counsel's e-mail communications with Defendant relative to this Action. Further, this request as

SUPPLEMENTAL RESPONSES TO COMPILATION OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1   phrased [All DOCUMENTS RELATING TO] may call for the production of a attorney work

2   product including, but not limited to, Defense Counsel's strategy memoranda relative to this

3   Action.  A privilege log will not be prepared for any of the Communications transmitted in this

4   case by or to Defense Counsel.  Nor will a privilege log be prepared for any Document prepared

5   by Defense Counsel. This Request is duplicative of Request for Production No. 25, 27, 28, 29,

6   30, and 45, and has therefore been asked and answered. This request is overbroad and unduly

7   burdensome relative to the scope of having to review every account Defendant has attempted

8   collection during the RELEVANT TIME PERIOD. Defendant anticipates disclosing Expert

9   Witnesses pursuant to FRCP 26.  Thus, this request, as phrased [All DOCUMENTS RELATING

10  TO] could call for the premature disclosure of expert witness information. This request is unduly

11  burdensome in scope and time relative to the unnamed class members.

12  **REQUEST FOR PRODUCTION NO. 80:**

13         All DOCUMENTS and ESI sufficient to IDENTIFY the form and format in which YOU

14  store the telephone numbers of the PLAINTIFFS and the CALL RECIPIENTS in YOUR

15  TELEPHONE DIALING EQUIPMENT (e.g., in an electronic database), in both the current

16  TELEPHONE DIALING EQUIPMENT YOU use and any and all TELEPHONE DIALING

17  EQUIPMENT YOU have used during the RELEVANT TIME PERIOD to make PHONE

18  CALLS.

19  **RESPONSE TO REQUEST NO. 80:**

20         Objection.  This request as phrased [All DOCUMENTS] may call for the production of

21  attorney client communications including, but not limited to, Defense Counsel's e-mail

22  communications with Defendant relative to this Action.  Further, this request as phrased [All

23  DOCUMENTS] may call for the production of a attorney work product including, but not

24  limited to, Defense Counsel's strategy memoranda relative to this Action.  A privilege log will

25  not be prepared for any of the Communications transmitted in this case by or to Defense

26  Counsel.  Nor will a privilege log be prepared for any Document prepared by Defense Counsel.

27  This Request is duplicative of Requests for Production Nos. 31, 32, and 65, and has therefor been

28  asked and answered. This request is also overbroad and unduly burdensome relative to time, the

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-41-

1    term "CALL RECIPIENTS". This request is unduly burdensome in scope and time relative to

2    the unnamed class members. The request is also vague and ambiguous relative to the undefined

3    term "store" and "TELEPHONE DIALING EQUIPMENT", in that the latter definition contains

4    at least three additional defined terms, which in turn refer to additional defined terms, some of

5    which are not provided in the requests, such as METADATA, LAN, WAN, and PDC.

6    Furthermore, this request seeks to impose an obligation on Responding Party to create

7    documents, which is unduly burdensome and harassing. Defendant anticipates disclosing Expert

8    Witnesses pursuant to FRCP 26.  Thus, this request, as phrased [All DOCUMENTS RELATING

9    TO] could call for the premature disclosure of expert witness information.

10   **REQUEST FOR PRODUCTION NO. 81:**

11          All written and oral REMOVAL REQUESTS submitted to YOU by each PLAINTIFF

12   during the RELEVANT TIME PERIOD.

13   **RESPONSE TO REQUEST NO. 81:**

14          Objection.  This Request is duplicative of Request for Production No. 50, and has

15   therefore been asked and answered. This request is unduly burdensome in scope and time

16   relative to the unnamed class members.

17   **REQUEST FOR PRODUCTION NO. 82:**

18          All DOCUMENTS and ESI sufficient to IDENTIFY the process(es) and/or method(s) by

19   which YOU IDENTIFY the source of the telephone numbers associated with PLAINTIFFS'

20   accounts (e.g., whether they were contained in an original agreement executed by the DEBTOR

21   or were obtained at a later date over the phone, through subsequent paperwork, SKIP TRACING,

22   NUMBER TRAPPING, etc.).

23   **RESPONSE TO REQUEST NO. 82:**

24          Objection.  This Request is duplicative of Request for Production No. 45, and has

25   therefore been asked and answered. Also, this request seeks to impose an obligation on

26   Responding Party to create documents, which is unduly burdensome and harassing. This request

27   as phrased [All DOCUMENTS and ESI] may call for the production of attorney client

28   communications including, but not limited to, Defense Counsel's e-mail communications with

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-42-

1   Defendant relative to this Action.  Further, this request as phrased [All DOCUMENTS and ESI]

2   may call for the production of a attorney work product including, but not limited to, Defense

3   Counsel's strategy memoranda relative to this Action.  A privilege log will not be prepared for

4   any of the Communications transmitted in this case by or to Defense Counsel.  Nor will a

5   privilege log be prepared for any Document prepared by Defense Counsel. This request is unduly

6   burdensome in scope and time relative to the unnamed class members. Defendant anticipates

7   disclosing Expert Witnesses pursuant to FRCP 26.  Thus, this request, as phrased [All

8   DOCUMENTS and ESI] could call for the premature disclosure of expert witness information.

9   **REQUEST FOR PRODUCTION NO. 83:**

10   All training guides or manuals used in YOUR training of YOUR employees and/or

11   agents to use all of the different TELEPHONE DIALING EQUIPMENT YOU used to make the

12   PHONE CALLS during the RELEVANT TIME PERIOD.

13   **RESPONSE TO REQUEST NO. 83:**

14   Objection.  This request is overbroad as to time and unduly burdensome in that this

15   request has already been asked and answered.  (See Requests to Produce Nos. 39 and 75.)

16   **REQUEST FOR PRODUCTION NO. 84:**

17   All SKIP TRACE reports RELATED TO the PLAINTIFFS.

18   **RESPONSE TO REQUEST NO. 84:**

19   Objection.  Asked and answered.  See Requests to Produce Nos. 1, 5, 8, 9, 13, 15, 16, 37,

20   48, 49, 61, 66, 67, 68 & 69. This request is unduly burdensome in scope and time relative to the

21   unnamed class members.

22   **REQUEST FOR PRODUCTION NO. 85:**

23   All DOCUMENTS and ESI that YOU contend support YOUR thirteenth affirmative

24   defense in YOUR ANSWER in which YOU state, "Defendant denies that any violation of 47

25   U.S.C. § 227 occurred, or that such statue is relevant.  However, to the extent that this statute is

26   deemed relevant, Defendant asserts that it had prior express consent to dial any numbers called

27   and, as such, no violation occurred."

28   ///

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-43-

**RESPONSE TO REQUEST NO. 85:**

Objection.  This request as phrased [All DOCUMENTS and ESI] may call for the production of attorney client communications including, but not limited to, Defense Counsel's e-mail communications with Defendant relative to this Action.  Further, this request as phrased [All DOCUMENTS and ESI] may call for the production of a attorney work product including, but not limited to, Defense Counsel's strategy memoranda relative to this Action.  A privilege log will not be prepared for any of the Communications transmitted in this case by or to Defense Counsel.  Nor will a privilege log be prepared for any Document prepared by Defense Counsel. Asked and answered.  See Requests to Produce Nos. 1 and 48.

**REQUEST FOR PRODUCTION NO. 86:**

All DOCUMENTS and ESI that YOU contend support YOUR tenth affirmative defense in YOUR ANSWER in which YOU state that YOU had a good faith belief that plaintiffs provided express consent, including all DOCUMENTS RELATED TO any of YOUR "procedures reasonably adapted and maintained to avoid such error."

**RESPONSE TO REQUEST NO. 86:**

Objection.  This request as phrased [All DOCUMENTS and ESI] may call for the production of attorney client communications including, but not limited to, Defense Counsel's e-mail communications with Defendant relative to this Action.  Further, this request as phrased [All DOCUMENTS and ESI] may call for the production of a attorney work product including, but not limited to, Defense Counsel's strategy memoranda relative to this Action.  A privilege log will not be prepared for any of the Communications transmitted in this case by or to Defense Counsel.  Nor will a privilege log be prepared for any Document prepared by Defense Counsel. Asked and answered.  See Request to Produce No. 1.

**REQUEST FOR PRODUCTION NO. 87:**

All DOCUMENTS or ESI RELATING TO the TELEPHONE DIALING EQUIPMENT listed, described and set forth in the "Manual Clicker Application" Notice Of Publication of Application dated November 14, 2013 by the Applicant Innovation Software, LLC.

///

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-44-

1 **RESPONSE TO REQUEST NO. 87:**

2     Objection. This request as phrased [All DOCUMENTS and ESI] may call for the

3 production of attorney client communications including, but not limited to, Defense Counsel's e-

4 mail communications with Defendant relative to this Action. Further, this request as phrased

5 [All DOCUMENTS and ESI] may call for the production of a attorney work product including,

6 but not limited to, Defense Counsel's strategy memoranda relative to this Action. A privilege

7 log will not be prepared for any of the Communications transmitted in this case by or to Defense

8 Counsel. Nor will a privilege log be prepared for any Document prepared by Defense Counsel.

9 Asked and answered. See Requests to Produce Nos. 1, 74, 75, 76, 78, & 83.

10 **REQUEST FOR PRODUCTION NO. 88:**

11     All DOCUMENTS or ESI RELATING TO YOUR involvement in designing, consulting,

12 using, testing, development or any other involvement by YOU in the TELEPHONE DIALING

13 EQUIPMENT listed, described and set forth in the "Manual Clicker Application" Notice Of

14 Publication of Application dated November 14, 2013 by the Applicant Innovation Software,

15 LLC.

16 **RESPONSE TO REQUEST NO. 88:**

17     Objection. This request as phrased [All DOCUMENTS and ESI RELATING TO] may

18 call for the production of attorney client communications including, but not limited to, Defense

19 Counsel's e-mail communications with Defendant relative to this Action. Further, this request as

20 phrased [All DOCUMENTS and ESI RELATING TO] may call for the production of a attorney

21 work product including, but not limited to, Defense Counsel's strategy memoranda relative to

22 this Action. A privilege log will not be prepared for any of the Communications transmitted in

23 this case by or to Defense Counsel. Nor will a privilege log be prepared for any Document

24 prepared by Defense Counsel. Asked and answered. See Requests to Produce Nos. 1, 74, 75, 76,

25 78, 83, and 87.

26 **REQUEST FOR PRODUCTION NO. 89:**

27     All DOCUMENTS RELATING TO any COMMUNICATIONS with Verizon about any

28 of the PLAINTIFFS' debts or obligations.

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1  **RESPONSE TO REQUEST NO. 89:**

2      Objection. This request as phrased [All DOCUMENTS REALTING TO] may call for

3  the production of attorney client communications including, but not limited to, Defense

4  Counsel's e-mail communications with Defendant relative to this Action. Further, this request as

5  phrased [All DOCUMENTS RELATING TO] may call for the production of a attorney work

6  product including, but not limited to, Defense Counsel's strategy memoranda relative to this

7  Action. A privilege log will not be prepared for any of the Communications transmitted in this

8  case by or to Defense Counsel. Nor will a privilege log be prepared for any Document prepared

9  by Defense Counsel. Asked and answered. See Requests to Produce Nos. 66, 68, and 70.

10 **REQUEST FOR PRODUCTION NO. 90:**

11     All DOCUMENTS RELATING TO any COMMUNICATIONS with Dish Network

12 about any of the PLAINTIFFS' debts or obligations.

13 **RESPONSE TO REQUEST NO. 90:**

14     Objection. This request as phrased [All DOCUMENTS REALTING TO] may call for

15 the production of attorney client communications including, but not limited to, Defense

16 Counsel's e-mail communications with Defendant relative to this Action. Further, this request as

17 phrased [All DOCUMENTS RELATING TO] may call for the production of a attorney work

18 product including, but not limited to, Defense Counsel's strategy memoranda relative to this

19 Action. A privilege log will not be prepared for any of the Communications transmitted in this

20 case by or to Defense Counsel. Nor will a privilege log be prepared for any Document prepared

21 by Defense Counsel. Asked and answered. See Requests to Produce Nos. 66, 68, and 70.

22 **REQUEST FOR PRODUCTION NO. 91:**

23     All DOCUMENTS RELATING TO any COMMUNICATIONS with Verizon about any

24 of the PLAINTIFFS' debts or obligations.

25 **RESPONSE TO REQUEST NO. 91:**

26     Objection. This request as phrased [All DOCUMENTS REALTING TO] may call for

27 the production of attorney client communications including, but not limited to, Defense

28 Counsel's e-mail communications with Defendant relative to this Action. Further, this request as

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-46-

1  phrased [All DOCUMENTS RELATING TO] may call for the production of a attorney work

2  product including, but not limited to, Defense Counsel's strategy memoranda relative to this

3  Action.  A privilege log will not be prepared for any of the Communications transmitted in this

4  case by or to Defense Counsel.  Nor will a privilege log be prepared for any Document prepared

5  by Defense Counsel. Asked and answered.  See Requests to Produce Nos. 66, 68, 70, and 89.

6  **REQUEST FOR PRODUCTION NO. 92:**

7         All DOCUMENTS and ESI IDENTIFYING, describing or referring to the purpose,

8  context, conduct, and methodology used to verify PRIOR EXPRESS CONSENT and continuing

9  PRIOR EXPRESS CONSENT from the PLAINTIFFS to receive the PHONE CALLS.

10  **RESPONSE TO REQUEST NO. 92:**

11         Objection.  This request as phrased [All DOCUMENTS and ESI] may call for the

12  production of attorney client communications including, but not limited to, Defense Counsel's e-

13  mail communications with Defendant relative to this Action.  Further, this request as phrased

14  [All DOCUMENTS and ESI] may call for the production of a attorney work product including,

15  but not limited to, Defense Counsel's strategy memoranda relative to this Action.  A privilege

16  log will not be prepared for any of the Communications transmitted in this case by or to Defense

17  Counsel.  Nor will a privilege log be prepared for any Document prepared by Defense Counsel.

18  Asked and answered.  See Requests to Produce Nos. 57, 67, 69, 71, 73, and 85.

19  **REQUEST FOR PRODUCTION NO. 93:**

20         All audio recordings of PHONE CALLS with PLAINTIFFS.

21  **RESPONSE TO REQUEST NO. 93:**

22         Objection.  Asked and answered.  See Requests to Produce Nos. 5, 52, and 72.

23  **REQUEST FOR PRODUCTION NO. 94:**

24         All DOCUMENTS that explain and IDENTIFY by make, model number and other

25  identifying information, all the types of TELEPHONE DIALING EQUIPMENT, including all

26  manual, "preview", "click to call" and other dialing equipment, used by YOU to call cell phones

27  by a method other than by using an autodialer or predictive dialer during the RELEVANT TIME

28  PERIOD.

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-47-

**RESPONSE TO REQUEST NO. 94:**

Objection. This request as phrased [All DOCUMENTS] may call for the production of attorney client communications including, but not limited to, Defense Counsel's e-mail communications with Defendant relative to this Action. Further, this request as phrased [All DOCUMENTS] may call for the production of a attorney work product including, but not limited to, Defense Counsel's strategy memoranda relative to this Action. A privilege log will not be prepared for any of the Communications transmitted in this case by or to Defense Counsel. Nor will a privilege log be prepared for any Document prepared by Defense Counsel. Asked and answered. See Requests to Produce Nos. 58 and 78.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**SET FOUR SERVED JUNE 11, 2014**

**REQUEST FOR PRODUCTION NO. 95:**

All DOCUMENTS and ESI RELATING to any and all TELEPHONE DIALING EQUIPMENT utilized by YOU during the RELEVANT TIME PERIOD at YOUR Manila, Philippines location.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

Objection. Asked and Answered. See requests 12, 24, 38, 39, 43, 59, 74, 75, 76, 77, 78, 83, 87, 88 & 94. This request as phrased [All DOCUMENTS and ESI RELATING to] may call for the production of attorney client communications including, but not limited to, Defense Counsel's e-mail communications with Defendant relative to this Action. Further, this request as phrased [All DOCUMENTS and ESI RELATING to] may call for the production of a attorney work product including, but not limited to, Defense Counsel's strategy memoranda relative to this Action. A privilege log will not be prepared for any of the Communications transmitted in this case by or to Defense Counsel. Nor will a privilege log be prepared for any Document prepared by Defense Counsel.

**REQUEST FOR PRODUCTION NO. 96:**

All DOCUMENTS and ESI RELATING TO the brand names, model numbers, brand and type of software used, technological capability, capacity and any other identifying characteristics

-48-

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1   of any and all of the TELEPHONE DIALING EQUIPMENT YOU used to make PHONE

2   CALLS during the RELEVANT TIME PERIOD at YOUR Manila, Philippines location.

3   **RESPONSE TO REQUEST FOR REQUEST FOR PRODUCTION NO. 96:**

4      Objection. Asked and Answered. See requests 12, 24, 38, 39, 43, 59, 74, 75, 76, 77, 78,

5   83, 87, 88, 94 & 95. This request as phrased [All DOCUMENTS and ESI RELATING TO] may

6   call for the production of attorney client communications including, but not limited to, Defense

7   Counsel's e-mail communications with Defendant relative to this Action. Further, this request as

8   phrased [All DOCUMENTS and ESI RELATING TO] may call for the production of a attorney

9   work product including, but not limited to, Defense Counsel's strategy memoranda relative to

10  this Action. A privilege log will not be prepared for any of the Communications transmitted in

11  this case by or to Defense Counsel. Nor will a privilege log be prepared for any Document

12  prepared by Defense Counsel.

13  **REQUEST FOR PRODUCTION NO. 97:**

14      All training guides or manuals used in YOUR training of YOUR employees and/or

15  AGENTS, at your Manila, Philippines location, to use all of the different TELEPHONE

16  DIALING EQUIPMENT YOU use to make the PHONE CALLS during the RELEVANT TIME

17  PERIOD.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

19      Objection. Asked and Answered. See requests 12, 24, 38, 39, 43, 59, 74, 75, 76, 77, 78,

20  83, 87, 88, 94, 95 & 96.

21

22  DATED: September 15, 2014                **GORDON & REES, LLP**

23

24                                      *s/ Sean P. Flynn*
                                        _____
25                                      Sean P. Flynn
                                        **Attorneys for Defendant**
26                                      **The CBE Group, Inc.**

27

28