UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LINDA BLAIR, *et al.*, | ) ) | Civil No. 13-CV-00134-MMA (WVG) |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER IMPOSING SANCTIONS |
| THE CBE GROUP INCORPORATED, | ) ) ) | |
| Defendant. | ) ) | |
| | ) | |

## I. **INTRODUCTION**

Class-related discovery closed in this case on January 21, 2015. On January 20, 2015, Defendant conducted Plaintiff Linda Blair's deposition, and on January 21, 2015, Defendant conducted Plaintiff Shannon Collins' deposition. On February 20, 2015, Plaintiffs mailed Defendant hard copies of errata sheets to the deposition transcripts of both Plaintiffs Blair and Collins. Defendant received the two errata sheets on February 25, 2015. Upon receiving the errata sheets, Defendant determined that there was a dispute as to the validity of the errata.

### A. **DISPUTED ERRATA PRESENTED TO THE COURT**

Plaintiff Blair's errata sheet to her deposition listed the following errata, all of which Defendant disputed:

13CV00134

**13 Question**: Are you aware that you are a class representative?
**15 Answer**: No.  I do not know exactly.
**Location in deposition**: Page 166, line 15
**Change**: "No" to "Yes"
**Reason**: To clarify for the record, I didn't understand the question.  Now I do.

**16 Question**: Do you know what it means to be a class representative --
**18 Answer**: No.
**19 Question**: -- of a class action?
**Location in deposition**: Page 166, line 18
**Change**: "No" to "Yes"
**Reason**: To clarify for the record, I didn't understand the question. Now I do.

**23 Question**: Have you reviewed any court documents before they're filed?
**25 Answer**: I can't say if I have or not.
**Location in deposition**: Page 169, Line 25
**Change**: "No" to "Yes, I have reviewed"
**Reason**: To clarify for the record, I didn't understand the question. Now I do.

**12 Question**: Have you reviewed any of the defendant's discovery requests addressed to you in this lawsuit?
**14 Answer**: Defendants?  Which is Flynn?
**15 Question**: CBE.
**16 Answer**: Oh, no.  Not -- no.
**Location in deposition**: Page 170, line 16
**Change**: "No" to "Yes"
**Reason**: To clarify for the record, I didn't understand the question at the time.  Now I do.

Plaintiff Collins' errata sheet to her deposition listed the following errata, all of which Defendant disputed:

**9 Question**: Did you provide any other phone numbers on the student loan application for University of Phoenix?
**11 Answer**: For University of Phoenix, yes.
**12 Question**: What other phone numbers -- what other phone number did you provide?
**14 Answer**: The 7 -- the -- well, the other number that
**15** we're -- that are listed -- that I've listed, the (714)
**16** 260-4689.
**17 Question**: So you listed (714) 260-4689 on your student loan application?
**19 Answer**: Not on the student application, no. This was
**20** after. So my -- the landline was originally put on
**21** there, and then later on others were added due to me
**22** contacting them about the loan.
**Location in deposition**: Page 21, lines 15-16
**Change**: Strike "714-260-4689"
**Reason**: To clarify the record I did not understand the question.
**Location in deposition**: Page 21, lines 19-20

**Change**: Strike "this was after."   Change to "I never provided the 714-260-4689," phone number.
**Reason**: To clarify the record I did not understand the question.
**Location in deposition**: Page 21, lines 21-22
**Change**: Strike "And then later on others were added, due to me contacting them about the loan."
**Reason**: To clarify the record I did not understand the question.

**12 Question**: What was the other number that you provided for CBE to call you at?
**14 Answer**: It was a landline number.  (670) 443-0331.
**Location in deposition**: Page 66, line 14
**Change**: "670" to "760"
**Reason**: Clarify the record.

**15 Question**: And do you know if there are any responsibilities or duties required of you personally as the representative of all of those other people?
**18 Answer**: No.
**Location in deposition**: Page 86, line 18
**Change**: Strike "No" change to "Yes"
**Reason**: To clarify the record I did not understand the question.

**19 Question**: Has anyone ever discussed with you the obligation of a class representative in a lawsuit?
**21 Answer**: No.
**Location in deposition**: Page 86, line 21
**Change**: Strike "No" change to "Yes"
**Reason**: To clarify the record I did not understand the question.

**11 Question**: Do you have any understanding as to whether or not you have a duty of loyalty to the class that you represent?
**14 Plaintiffs' counsel**: Objection. Attorney/client privilege.  Other than what you've learned from your counsel, you can answer the question.
**17 Answer**: No.
**Location in deposition**: Page 87, line 17
**Change**: Strike "No" change to "Yes"
**Reason**: To clarify the record I did not understand the question.

## B. <u>BACKGROUND</u>

On March 24, 2015, Defendant emailed Plaintiffs to inform them that Defendant disputed their errata sheets.  Defendant requested to meet and confer by March 27, 2015.  Plaintiffs did not respond to Defendant's email.  On March 25, 2015, at 11:00 a.m., Defendant emailed Plaintiffs for a second time and requested to meet and confer that day.  Defendant stated that if Plaintiffs did not meet and confer, Defendant would contact the Court.  At 12:07 p.m. that day, Plaintiffs replied to the email and stated that they could make themselves available briefly to meet and confer telephonically at 4:00 p.m. that day.  At 3:15 p.m., that same day, before the parties had engaged

13CV00134

in a meet and confer session, Defendant unilaterally notified the Court of the errata dispute.  During its phone call to the Court, Defendant represented that Plaintiffs had not yet made themselves available for a meet and confer session.  On March 25, 2015, at 4:00 p.m., the parties telephonically met and conferred regarding the errata dispute.

On March 26, 2015, the Court held a telephonic Discovery Conference with counsel for all parties.  The Court ordered the parties to meet and confer in good faith regarding the two errata sheets at issue.  (Doc. No. 146 at 2.)  Subsequently, the parties resolved some of the disputes related to the errata sheets through meet and confer efforts, but disputes remained over three of the proposed errata on Plaintiff Collins' errata sheet.[1]  Pursuant to the Court's March 26, 2015 Order, the parties were to lodge a Joint Statement for Determination of Discovery Dispute with the Court by April 1, 2015, at 5:00 p.m. if any disputes remained.  Despite the 5:00 p.m. deadline, the parties filed a Joint Statement Regarding Errata Sheet of Plaintiff Collins ("Joint Statement") on April 1, 2015, at 5:02 p.m.[2]  (Doc. No. 147.)

On April 2, 2015, this Court issued an Order Setting Briefing Schedule for Orders to Show Cause, Striking Errata that Remain in Dispute.  (Doc. No. 148.)  The Court admonished the parties for filing their Joint Statement after the deadline, in direct violation of this Court's March 26, 2015, Order.  (Doc. No. 148 at 3; citing Doc. No. 146.)  Due to the parties' failure to file their Joint Statement in a timely manner, and failure to comply with this Court's Order, the Court denied the parties' request for guidance regarding the remaining three errata corresponding to Plaintiff Collins' deposition.  Id. 3-4.

---

[1] Plaintiffs withdrew Plaintiff Blair's errata sheet in full, and withdrew several of the errata listed on Plaintiff Collins' errata sheet.  The errata that remained in dispute from Plaintiff Collins' errata sheet were as follows: page 21, lines 15-16; page 21, lines 19-20; and page 21, lines 21-22.  (Doc. No. 147.)

[2] The Court confirmed with the Clerk's Office that the parties' Joint Statement, Docket Number 147, was filed on April 1, 2015, at 5:02 p.m.

13CV00134

The Court issued a ruling regarding the errata dispute. (Doc. No. 148 at 4.) During the March 26, 2015, Discovery Conference, the Court had addressed the Ninth Circuit's interpretation of Rule 30(e), which governs depositions by oral testimony. Fed.R.Civ.P. 30(e). The Court again addressed the Ninth Circuit's interpretation in its Order. Id. at 4-6; citing Hambleton Bros. Lumber Co. v. Balen Enters., Inc., 397 F.3d 1217, 1226 (9th Cir. 2005) ("Rule 30(e) is to be used for corrective, and not contradictory, changes.") The Court determined that, with the exception of one proposed change correcting the area code of a telephone number, all of the proposed changes set forth on the errata sheets for Plaintiffs Blair and Collins were complete contradictions to their deposition testimony. (Doc. No. 148 at 5.) The Court noted that Plaintiffs' counsel was present during the depositions and did not take the opportunity to ask clarifying questions while Plaintiffs were still under oath. Id. The Court also noted that, as discussed during the Discovery Conference, both Plaintiffs Blair and Collins were told at the beginning of their depositions to simply let Defense counsel know if they did not understand a question. Id. Plaintiffs were told that if they provided an answer to a question during the deposition, it was assumed that they understood that question. Id. For these reasons, the Court ordered that the errata that remained in dispute were improper and were therefore stricken. Id. at 5-6. Although the Court was prepared to strike all of the other errata listed on the errata sheets of both Plaintiff Blair and Collins, with the exception of the errata correcting an area code, counsel for all parties represented to the Court that the disputes with the other errata were resolved. Therefore, the Court only struck the disputed errata of Plaintiff Collins listed in the parties' Joint Statement. Id., n.2.

The Court also ordered the parties to file separate briefs detailing why sanctions should not be imposed against them. (Doc. No. 148 at 6.) Plaintiffs were ordered to explain why sanctions should not be imposed for submitting disingenuous and meritless errata sheets after the discovery cutoff in an attempt to completely change deposition answers previously given under oath. Id. Defendant was ordered to explain

13CV00134

why sanctions should not be imposed for asserting untimely objections to Plaintiffs' errata sheets.  Id.  On April 9, 2015, in compliance with this Court's Order, Plaintiffs and Defendant filed OSC Responses.  (Doc. Nos. 149, 150.)  On April 23, 2015, this Court issued an Order Setting Show Cause Hearing for Plaintiffs and Defendant; Tentative Opinion.  (Doc. No. 161.)  The Court ordered counsel for all parties to attend an OSC Hearing set for April 24, 2015, at 9:30 a.m.  Id. at 17-18.

## II. ARGUMENTS

### A. PLAINTIFFS' ARGUMENT

#### 1. DEFENDANT'S PROCEDURAL ISSUES

Plaintiffs argued that Defendant's request to strike Plaintiffs' errata sheets should have been denied on procedural grounds.  They asserted that Defendant brought the dispute to the Court's attention past the deadline, without a meet and confer session, unilaterally called the Court without any notice to Plaintiffs, and ignored the Court's prior order that all such calls shall be made jointly.

#### 2. PLAINTIFFS' COMPLIANCE WITH RULE 30(e)

Plaintiffs also argued that the errata sheets were consistent with Rule 30(e).  They claimed that Plaintiff Blair and Collins realized they made a few misstatements during their depositions because they did not understand the questions.  They argued that Defendant provided by stipulation on the record that Plaintiffs would have 30 days to review their deposition transcripts and make edits.  Id.  In an effort to keep their deposition testimony consistent with their discovery responses, Plaintiffs submitted the errata sheets.

Plaintiffs' counsel acknowledged that Defense counsel did provide an instruction that Plaintiffs needed to ask for clarification if they did not understand a question, but noted there was a lot of pressure on Plaintiffs during the depositions.  Afterwards, they sought to correct items where they previously made misstatements.

Plaintiffs noted that, after meet and confer efforts, they withdrew all but three of the disputed errata.  They argued that if Defendant had met and conferred prior to

13CV00134

bringing the dispute to the Court's attention, the other errata would possibly have been withdrawn before the Court became involved.  They also argued that there are only a few errata, and even if the Court is correct in its interpretation of Ninth Circuit law, Plaintiffs' conduct is not sanctionable.

### a. PLAINTIFF BLAIR

Plaintiffs argued that Plaintiff Blair was confused about the class representative questions as phrased during her deposition.  They explained that the terminology involving her duties of representation "threw her for a loop."  In response to the Court's questioning, Plaintiffs indicated that Plaintiff Blair realized her confusion on her own and after discussion with Plaintiffs' counsel.  Plaintiffs stated that all three named Plaintiffs called counsel's office after they reviewed their deposition transcripts because they wanted to know how to use the errata to change their deposition responses.  They argued that there is a duty of candor to the Court, and Plaintiff Blair had to sign her deposition transcript to certify that the responses were true and correct.

Addressing Plaintiff Blair's response about whether she had reviewed any court documents before they were filed, Plaintiffs argued that she did not understand what was meant by "court documents."  They claimed that it was not until she reviewed the court documents at home after her deposition that she realized she had made misstatements.  Plaintiffs argued that she was also unsure about the questions related to reviewing discovery requests.

### b. PLAINTIFF COLLINS

Plaintiffs claimed that Plaintiff Collins' deposition amendments were supported by the prior records in this case.  They argued that, since Plaintiff Collins' addition to the litigation in May of 2014, it has been her position that she received autodialed calls to her cellular phone for which she provided no prior express consent.  They asserted that, upon Plaintiff Collins' review of the deposition transcript, it became clear to her that she misunderstood the line of questioning and thus provided incorrect

testimony during her deposition.   Plaintiffs claimed, in order to certify that the transcript was true and correct, Plaintiff Collins' was obligated to clarify the record.

### B. DEFENDANT'S ARGUMENT

#### 1. TIMELINESS OF ERRATA DISPUTE

Defendant stated that it received the errata on February 25, 2015, and therefore, the 30 day deadline from the event giving rise to the dispute could have been March 25, 2015 [33 days (30 days, plus three for mailing) from the date of mail service]; or March 27, 2015 [30 days from the date of receipt].   Defendant contended that, out of an abundance of caution, it asked Plaintiffs to advance the meet and confer session to March 25, 2015, and notified the Court of the discovery dispute.

#### 2. COMPLIANCE WITH CHAMBERS RULES AND COURT ORDERS

Defendant acknowledged its understanding of the Court's strong emphasis on strict compliance with its Chambers Rules and Scheduling Orders.   Defendant asserted that it did not intend to act in violation of any Court Order.   Further, Defendant noted its belief that it complied with the Court's discovery dispute process.

Defendant agreed that when it received Plaintiff's errata sheets on February 25, 2015, it recognized there was a discovery dispute because it believed Plaintiffs were changing critical representations regarding class representation and consent to be called.   Defendant claimed this was the first time it had seen this type of errata, and therefore, this was the first time it had to review Rule 30(e).

Defense counsel stated his initial response after receiving the errata was to send the errata sheets to his client and the Defense team.   In total, Defendant said there were approximately nine or ten individuals involved in the errata conversations.   They were uncertain about whether this was a discovery dispute to be brought to this Court, or an issue to be addressed in a class certification motion.   In support of its argument that there was legitimate confusion about how to handle the dispute, Defendant cited a recent case in this district where the parties were similarly confused.   Azco Biotech,

Inc., et al. v. Qiagen, N.V., et al., Doc. Nos. 75, 81, No. 12-CV-2599-BEN-DMB.  The parties in the Azco Biotech case were also involved in a dispute over errata sheets.  The defendants brought a motion to strike the errata before the district judge, and the motion was referred to the magistrate judge for resolution.  Although the magistrate judge's order regarding the referral was filed on December 15, 2014, Defendant learned of the case on March 5, 2015.

Defendant asserted there was also concern about bringing the dispute to the Court's attention because of the history between the parties in this case, and the Court's Order Resetting Discovery which allowed for each party to bring only two additional discovery disputes to the Court's attention until a ruling was issued on Plaintiffs' motion for class certification.[3]  (Doc. No. 130 at 23-24.)  Defendant had already used one of its discovery disputes, and thus, was hesitant to bring another discovery matter to the Court.  Further, Defense counsel indicated that its client had previously been sanctioned in this case, which led to the client's hesitation to bring another discovery issue to the Court.

Defendant explained that many emails and phone calls were exchanged between Defense counsel of record, the Defense team, and Defendant, in an effort to determine how to best proceed with this dispute.  At the same time, Defendant was working on its Opposition to Plaintiffs' Motion for Class Certification, which at the time, was due by March 27, 2015.  Defendant was also confronted with a dispute about Plaintiffs' expert disclosures.

To support its reason for unilaterally calling the Court on March 25, 2015, Defendant claimed it realized that the thirty day deadline to bring disputes to the Court's attention may expire that day.  Defendant also disputed that Plaintiffs' email

---

[3] In its Order Resetting Discovery, the Court ordered, "Moreover, as a further sanction, the Court will entertain only two discovery disputes per side and no more until the class certification issue is decided by the District Court. With this limitation, it behooves the parties to work together and to be judicious in the disputes brought to the Court's attention."  (Doc. No. 130 at 23-24.)

13CV00134

on March 26, 2015, at 12:07 p.m., "confirmed" a 4:00 p.m. meet and confer session. Defendant noted that Plaintiffs' counsel said they "may" make themselves available for a telephonic meet and confer session that day, but that was not confirmed. Defendant did not hear anything from Plaintiffs for two and a half hours, so it unilaterally notified the Court of the dispute.

## III. APPLICABLE LAW AND RULES

### A. ERRATA

Federal Rule of Civil Procedure 30(e) governs deposition review by the witness, as well as changes. Fed.R.Civ.P. 30(e). Rule 30(e) permits deponents to review the deposition transcript and make changes within thirty days of being notified that the transcript is available and if accompanied by a statement of reasons explaining the changes. Id. The Rule permits corrections in form or substance, but the changes should neither be contradictory, nor materially alter a deponent's testimony. Hambleton Bros. Lumber Co. v. Balkin Enters., 397 F.3d 1217, 1225 (9th Cir. 2005). Substantive, contradictory changes to issues of central importance to the case justify striking an errata sheet and may be grounds for dismissal. Id.

Even if the relevant erratum is contradictory, it may still be allowed so long as the alterations "have a legitimate purpose." Hambleton, 397 F.3d at 1224–25. Courts must focus upon whether "the corrections were . . . purposeful rewrites tailored to manufacture an issue of material fact," Id., or whether "the testimony required clarification, the deponent genuinely misunderstood the question, or the deponent gained access to new evidence containing material facts" in the deposition's aftermath, Melendez v. Morrow Cnty. Sch. Dist., 2009 WL 4015426, at *13 (D. Or. Nov. 19, 2009). Thus, to survive, the errata must, at minimum, still be "corrective," targeted at ameliorating some defect, not new and more "artful responses" to questions previously propounded. Garcia v. Pueblo Country Club, 299 F.3d 1233, at 1242 n.5 (10th Cir. 2002). Logically, errata that "materially change[s] the answers" and "represent[s] lawyerly fixing of potentially problematic testimony" cannot be so classified. Wyeth

v. Lupin Ltd., 252 F.R.D. 295, 297 (D. Md. 2008).  "Wordsmithing and parsing" will not do.  Id., cited in Harden v. Wicomico Cnty., 263 F.R.D. 304, 308 (D. Md. 2009).  "The Rule cannot be interpreted to allow one to alter what was said under oath.  If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses."  Greenway v. Int'l Paper Co., 144 F.R.D. 322, 325 (W.D. La. 1992).

## B. COMPLIANCE WITH RULES

The Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed.R.Civ.P. 1.  A relatively recent addition, "[t]he purpose of . . . adding the words 'and administered' . . . [was] to recognize the affirmative duty of the court to exercise the authority conferred by these rules to ensure that civil litigation is resolved not only fairly, but also without undue cost or delay." Fed.R.Civ.P. 1 advisory committee's note (1993 amend.).

Rule 16 addresses pretrial conferences, scheduling, and case management. See Fed.R.Civ.P. 16(a)-(e). Subsection (f) provides for the imposition of sanctions on parties or their attorneys for failure to comply with pretrial orders. Fed.R.Civ.P. 16(f). Rule 16(f) states,

> (1) In General. On motion or on its own, **the court may issue any just orders**, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney:
> (A) fails to appear at a scheduling or other pretrial conference;
> (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or
> **(C) fails to obey a scheduling or other pretrial order.**
>
> (2) Imposing Fees and Costs. **Instead of or in addition to any other sanction**, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 16(f) (emphasis added).

Rule 16(f) requires counsel to comply with pretrial orders and provides that the Court may order any "just" sanctions for non-compliance.  Wilson v. KRD

Trucking W., 2013 WL 836995, at *1 (D.Nev. Mar. 6, 2013).  It is clear that "the rule is broadly remedial and its purpose is to encourage forceful judicial management." Martin Family Trust v. Heco/Nostalgia Enterps. Co., 186 F.R.D. 601, 603 (E.D.Cal. 1999); quoting Sherman v. United States, 801 F.2d 1133, 1135 (9th Cir. 1986).

Federal Rule 16(f) applies to all pretrial orders.  Wilson, 2013 WL 836995; citing e.g., Pitman v. Brinker Int'l, Inc., 216 F.R.D. 481, 483 (D.Ariz. 2003), amended on review on other grounds, 2003 WL 23353478 (D.Ariz. 2003).  Litigants have an "unflagging duty to comply with clearly communicated case-management orders..." Martin Family Trust, 186 F.R.D. at 604; quoting Rosario–Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998).  Both courts and commentators agree that sanctions may be imposed for a party's unexcused failure to comply with a Rule 16 order, even if that failure was not made in bad faith.  Id.; citing Ayers v. City of Richmond, 895 F.2d 1267, 1270 (9th Cir.1990) (affirming sanction of lawyer for failure to attend settlement conference because "the date 'slipped by him'"); Ford v. Alfaro, 785 F.2d 835, 839–40 (9th Cir.1986) (upholding sanction imposed for failure to file a pretrial statement and to attend a pretrial hearing); Ikerd v. Lacy, 852 F.2d 1256, 1258–59 (10th Cir. 1988) ("Neither contumacious attitude nor chronic failure is a necessary threshold to the imposition of sanctions"); Harrell v. United States, 117 F.R.D. 86, 88 (E.D.N.C. 1987) ("Improper motive, bad-faith, even reckless behavior, is not a prerequisite for finding a violation of [a] Rule [16 order]").

This District's Civil Local Rules instruct counsel to avoid certain conduct. CivLR 83.4.a.2.  For example, attorneys in practice before this district "must not . . . [e]ngage in excessive, abusive discovery, or delaying tactics."  CivLR 83.4.a.2.g. Additionally, attorneys in practice before this district "must not . . .[k]nowingly participate in litigation or any other proceeding that is without merit or is designed to harass or drain the financial resources of the opposing party."  CivLR 83.4.a.2.c. Similar to Federal Rule 16(f), this Court's Civil Local Rules also provide the Court with authority to impose sanctions for "[f]ailure of counsel or of any party to comply

with these rules, with the Federal Rules of Civil or Criminal Procedure, or with any order of the court." CivLR 83.1.a. The Local Rules allow for "any and all sanctions authorized by statute or rule or within the inherent power of the court, including, without limitation, dismissal of any actions, entry of default, finding of contempt, imposition of monetary sanctions or attorneys' fees and costs, and other lesser sanctions."[4/] Id.

## IV. DISCUSSION

### A. PLAINTIFFS' OSC

#### 1. PLAINTIFFS HAD THREE OPPORTUNITIES TO BE HEARD

Plaintiffs argued that they were denied an opportunity to respond to the Court's concerns regarding their errata sheets. However, Plaintiffs have been given three opportunities to be heard on the errata issue.

Plaintiffs were first given an opportunity to be heard on the issue of whether their errata sheets were proper during the March 26, 2015, Discovery Conference. The Court notified Plaintiffs' counsel of the Discovery Conference the day before it was held, and three of Plaintiffs' attorneys of record participated in the Conference. When scheduling the Conference, the Court required counsel for both parties to provide responses to five questions so that the Court would be fully informed about the issues prior to the Conference. Counsel were aware of the details of the dispute, and were on notice based on the Court's specific questions and the parties' prior experience with Discovery Conferences in this case and with this Court, that the Court was not convening a conference to simply set a briefing schedule. On March 25, 2015, the Court issued an Order setting the Discovery Conference, and again referenced the

---

[4/] The Civil Local Rules instruct, "For violations of these Local Rules or of a specific court order, the court may, in imposing monetary sanctions, order that the monetary sanctions be paid to the Miscellaneous Fines, Penalties and Forfeitures, Not Otherwise Classified, fund of the United States Treasury." CivLR 83.1.b.

1    questions that counsel were to address prior to the Conference. (Doc. No. 144.) During

2    the Conference, Plaintiffs argued their position regarding the errata sheets.

3           Plaintiffs' second opportunity to be heard on the errata issue was their OSC

4    Response. Although the parties resolved seven of the errata issues and the Court struck

5    the three remaining errata in its April 2, 2015, Order, it allowed Plaintiffs a second

6    chance to educate the Court as to why they submitted the errata sheets for Plaintiffs

7    Blair and Collins. The Court made clear in its Order that the OSC Response was

8    Plaintiffs' second opportunity to argue their case as to why <u>all</u> of the proposed errata

9    (not just the three remaining as to Plaintiff Collins) were not improper and therefore,

10   why sanctions should not be imposed for submitting the errata sheets.

11          During the March 26, 2015, Discovery Conference, and again in the Court's

12   April 2, 2015, Order, the Court detailed its concerns with Plaintiffs' errata sheets, and

13   noted that Plaintiffs' attempt to completely alter their deposition responses after the

14   opportunity for cross-examination under oath at the depositions had expired, did not

15   comply with Ninth Circuit law. Plaintiffs were well aware of the Court's concerns, and

16   were told during the Discovery Conference that they would have the opportunity to

17   address those concerns in briefing to the Court. As instructed by the Court in its April

18   2, 2015, Order, "Plaintiffs shall explain in their Order to Show Cause ('OSC')

19   Response why sanctions shall not be imposed for submitting disingenuous errata sheets

20   after the discovery cutoff in an attempt to completely change deposition answers

21   previously given under oath." (Doc. No. 148 at 6.)

22          Finally, Plaintiffs were provided a third opportunity to argue their position on

23   the errata issue during the OSC Hearing on April 24, 2015.

## 2. **PLAINTIFFS FAILED TO COMPLY WITH RULE 30(e)**

25          At the beginning of the depositions for both Plaintiffs Blair and Collins,

26   Defense counsel instructed the deponents,

27   //

28   //

**Question**: And if you don't understand any of the questions I ask you today, please let me know and I will do my best to clarify for you. Otherwise, if I ask a question and you provide an answer, I'm going to assume that you understood it.  Is that fair?
**Answer**: Yes.

Deposition of Plaintiff Blair; Page 151, Lines 19-25.

**Question**: And if you don't understand any of the questions that I ask you today, please feel free to clarify and I'm happy to do so.  However, if I ask a question and you provide an answer, I'm going to assume that you understand it.  Is that fair?
**Answer**: Yes.

Deposition of Plaintiff Collins; Page 7; Lines 1-7.

During their depositions, both Plaintiffs followed this instruction and informed Defense counsel when they did not understand other questions.  However, neither Plaintiffs nor their counsel asked clarifying questions or indicated that they did not understand the questions that Plaintiffs now claim they did not understand at the time. A reading of the deposition testimony makes clear that Defense counsel's questions were not convoluted or confusing, but if Plaintiffs did not understand the questions, they should have said so during the deposition.

Plaintiffs argued that they do not have any technical training, and that the class representative questions went beyond their personal knowledge. First, Defense counsel was prevented from delving deeper into the issue due to privilege objections by Plaintiffs' counsel.  Second, the questions that Plaintiffs now claim they did not understand were very clear questions.  Third, although Plaintiffs are not trained lawyers, the class representative questions should have been anticipated, as Plaintiffs' counsel more than likely had discussions with the named Plaintiffs regarding the expectations and responsibilities of class representatives.

Further, Plaintiffs' counsel was present during the depositions and obviously knew of the significance of Plaintiffs' responses.  At no time did Plaintiffs' counsel ask any clarifying questions or attempt to rehabilitate his client regarding the responses in dispute, although that is a major part of counsel's role at the depositions.  Plaintiffs'

counsel certainly had the opportunity to rehabilitate the witnesses, but made the tactical decision to stay silent.  Witnesses must be prepared to answer deposition questions truthfully and honestly.  It is the attorney's job to prepare the witness before the deposition. Instead, Plaintiffs waited until they were in the privacy and comfort of their own homes, during consultation with their counsel, to make one hundred and eighty degree changes to critical deposition testimony.  Counsel is not given a chance to prompt the witness, and similarly, counsel should not have the ability to prompt witnesses during or after the depositions.  Here, when the errata sheets were produced, Defense counsel had no chance to ask follow-up questions.

The purpose of depositions is to determine the facts of the case while the witness is under the scrutiny of examination.  The purpose is certainly not to find out how the witness answers questions with the ability to calmly reflect on the responses for 30 days in collaboration with counsel.  Under Plaintiffs' theory that these errata are appropriate, the purpose of a deposition evaporates.

Plaintiffs violated Rule 30(e)'s substantive requirements.  Almost all of Plaintiffs' changes are contradictory changes to issues of central importance to the case. The majority of the changes relate to issues of consent to be called and duties of the class representatives.  These substantive changes are of great concern to the Court, as they materially altered Plaintiffs' testimony. If accepted, they have a significant impact on Plaintiffs' claims and Defendant's defenses.   Plaintiffs counsel must have recognized these issues during the depositions, yet failed to ask clarifying questions or attempt to rehabilitate the witnesses, instead preferring to remain silent and not call unwanted attention to Plaintiffs' damaging testimony.  Plaintiffs chose not to seek clarification or state that they did not understand.  Ninth Circuit law precludes them from now asserting these new, contradictory responses to better suit their needs in the case.

Plaintiffs submitted frivolous errata in complete contradiction to Ninth Circuit law, and the Court has spent a considerable amount of time and resources dealing with

13CV00134

the resulting dispute.  The errata had no merit and sparked unwarranted litigation that required this Court's attention, including phone calls with the Court's clerk, a Discovery Conference, an OSC Hearing, and four Court orders.  This Court cannot conceive of a more perfect example of a violation of this Court's Civil Local Rules which prohibit "abusive discovery, or delaying tactics," and knowingly participating in any proceeding that is without merit.  CivLR 83.4.a.2.g; 83.4.a.2.c.

The Court was not at all fooled by the fact that these changes were the product of collaboration between attorney and client.  In support of their argument that Plaintiffs were generally confused about the deposition questions, they argued that Plaintiffs are lay people, and asserted that they do not have any legal training.  Plaintiffs cannot have it both ways.  Plaintiffs are not so sophisticated that they realized on their own, without being coached by their attorneys, that they needed to materially alter these specific portions of their deposition testimony, but were naive to the importance of the questions and their unrehearsed responses at the time of the depositions.  The significance of these answers were only apparent to the attorneys.  The attorneys submitted the errata, even though they were not legally cognizable under Ninth Circuit law, and wasted the time and resources of opposing counsel and  the Court.  Accordingly, the Court finds that sanctions are appropriate against Plaintiffs' counsel for failing to meet the substantive requirements of FRCP 30(e), and violating this Court's Civil Local Rules.

**B. DEFENDANT'S OSC**

**1. DISPUTE WAS BROUGHT WITHIN 30 DAYS**

The Court agrees with Defendant's calculations and finds that Defendant brought the errata dispute to the Court's attention within the 30 day deadline set by the Court's Chambers Rules.  On February 25, 2015, Defendant received the two errata sheets.  Defendant notified the Court of the dispute on March 25, 2015, 28 days after receiving the errata sheets.

13CV00134

Defendant was also within the 30 day deadline if the deadline was calculated from the date that the errata sheets were placed in the mail.  Rule 6(d) allows for additional time after certain kinds of service, which includes mail service. Fed.R.Civ.P. 6(d).  Rule 6(d) states that, when a party may or must act within a specified time after service and service is made under certain specific rules (mail service included), three days are added after the period would otherwise expire under the Rule that governs computing time.  Id.  Plaintiffs mailed Defendant hard copies of the errata sheets on February 20, 2015, and Defendant notified the Court on March 25, 2015, 30 days later.

## 2. MEET AND CONFER EFFORTS WERE UNTIMELY

Although Defendant timely (barely) brought the errata issues to the Court's attention, this does not end the inquiry.  This Court's Chambers Rules are emphatic that counsel are to "promptly meet and confer regarding all disputes."  Judge Gallo's Chambers Rule IV(A).  The Chambers Rules also make clear that counsel are to meet and confer before contacting chambers.

This Court's Chambers Rules state,[5]

> Counsel are to promptly meet and confer regarding all disputed issues, pursuant to the requirements of Civil Local Rule 26.1.a. If counsel are in the same county, they **shall** meet in person; if counsel practice in different counties, they **shall** confer by telephone. Under no circumstances may counsel satisfy the "meet and confer" obligation by written correspondence. Counsel must proceed with due diligence in scheduling and conducting an appropriate meet and confer conference as soon as the dispute arises.  The Court expects strict compliance with the meet and confer requirement, as it is the experience of the Court that the vast majority of disputes can be resolved by means of that process.  Counsel must **thoroughly** meet and confer and shall make every effort in **good faith** to resolve all disputes without the necessity of court intervention.

Judge Gallo's Chambers Rule IV(A) (emphasis in the original).

Defendant is well aware of this requirement, as the Court has repeatedly reminded the parties of this rule throughout the litigation, ordered the parties to meet and confer on countless occasions (to even include the drastic measure of videotaping

---

[5] This Court's Civil Chambers Rules were updated on April 6, 2015.  The paragraph cited above was amended slightly, but the basic requirements remain the unchanged.

13CV00134

their meet and confer sessions), and quoted this section of its Chambers Rules in several Court Orders. See Doc. No. 81 at 1, filed June 3, 2014 ("On or before June 6, 2014, the parties shall have engaged in a meaningful meet and confer session for as long as necessary"); Doc. No. 90 at 2, filed June 13, 2014 (" ... the parties are strongly encouraged to work diligently to resolve any remaining discovery disputes"); Doc. No. 92 at 2, filed July 2, 2014 (" ... the Court will simply remind the parties that the Court's Chambers Rules require counsel to promptly meet and confer regarding all disputed issues ... The Chambers Rules also require counsel to proceed with due diligence in scheduling and conducting an appropriate meet and confer conference as soon as a dispute arises"); Doc. No. 106 at 2, filed August 14, 2014 ("Counsel are reminded to meet and confer in good faith prior to bringing any discovery disputes to the Court's attention"); Doc. No. 122 at 10, filed October 1, 2014 ("In the future, this Court will only rule on ripe, narrowly presented issues which the parties have first attempted in good faith to resolve on their own through serious meet and confer efforts"); Doc. No. 124 at 2, filed October 7, 2014 ("The parties are Ordered to continue to meet and confer in good faith, in an attempt to resolve all of the pending discovery disputes"); Doc. No. 130 at 10, November 26, 2014 ("At every turn the parties have failed to cooperate and engage in good faith meaningful meet and confer efforts in an attempt to resolve their differences.")

Despite the clear requirements in this Court's Chambers Rules and the numerous Court Orders explicitly ordering the parties to meet and confer in good faith and promptly bring disputes to the Court's attention, Defendant once again pushed the envelope, tested the Court's patience, and assumed the risk that the Court would agree with Defendant's approach. Defendant failed to "promptly" meet and confer once the errata dispute arose. Defendant received Plaintiffs' errata sheets on February 25, 2015, and did nothing to initiate a meet and confer conference with Plaintiffs until March 24, 2015, 27 days later. Although Defendant did notify the Court of the dispute within the 30 day deadline, Defendant's efforts via email to initiate a meet and confer session with

Plaintiffs' counsel were not "prompt" or diligent, nor did they allow for a "thorough" and meaningful good faith meet and confer session in person, as required by this Court's Chambers Rules. Certainly, given the history between the parties in this contentious litigation, initiating meet and confer efforts one to three days before the deadline to bring the dispute to the Court's attention does not allow enough time for meaningful in person meet and confer efforts. This is amply demonstrated in the parties' Joint Statement. They noted that it took three meet and confer sessions just to narrow the dispute from ten errata to three errata. (Doc. No. 147 at 2.) Defendant's eleventh hour email request to meet and confer with Plaintiffs assumed that Plaintiffs would be available at Defendant's beckon call. The risk Defendant took by delaying the initiation of meet and confer efforts, especially given the lack of cooperation between counsel in this case and Defendant's knowledge of the Court's expectation of strict adherence to this requirement, amounts to failure to comply with the Court's Chambers Rules to promptly meet and confer once a dispute arises.

In addition, Defendant notified the Court of this dispute before any meet and confer efforts with Plaintiffs, another violation of the Chamber's Rules and pretrial Orders. Defendant unilaterally contacted the Court, in violation of the Court's Order that all phone calls to the Court in this case must be made jointly.[6] Moreover, in its call to the Court, Defendant misrepresented that Plaintiffs avoided Defendant's attempts to meet and confer, and Defendant failed to notify the Court that a meet and confer conference was scheduled to occur within an hour of Defendant's phone call to the

---

[6] In an Order issued on August 29, 2014, the Court stated, "Moreover, the Court will no longer accept telephone calls about discovery disputes in this case unless counsel for all parties are participating in the call. Any future phone calls made to the Court in this case regarding discovery, including disputes and scheduling matters, will not go forward unless counsel for all parties have initiated and/or joined a conference call. Once counsel for all parties are present in a conference call, only then may they contact the Court." (Doc. No. 113 at 3.)

1    Court. This type of misrepresentation by omission is precisely the reason that the Court

2    issued an Order that the parties must not unilaterally contact the Court.[7/]

3         The Court is alarmed that these instances of non-compliance continue, despite

4    all of its warnings, admonitions, and emphasis placed on the importance of the rules

5    and its Orders. While Defendant was within the 30 day deadline to bring the errata

6    dispute to the Court's attention, it failed to promptly meet and confer before contacting

7    the Court. Accordingly, the Court finds that sanctions are appropriate against Defense

8    counsel failing to comply with the discovery dispute requirements of the Chambers

9    Rules and this Court's pretrial Orders, both of which the parties in this case are

10   intimately familiar.

11   **V. <u>CONCLUSION</u>**

12        The bar bears a special responsibility in the judicial process independent from

13   the public at large. Attorneys are officers of the Court. A monetary sanction for failure

14   to carry out these responsibilities as an attorney differs from the imposition of

15   attorney's fees as a sanction.

16        Here, the Court finds that Plaintiffs violated this Court's Civil Local Rules by

17   submitting disingenuous and mostly meritless errata sheets well after the discovery

18   cutoff[8/] in an attempt to completely change deposition answers previously given under

19   oath. <u>See</u> CivLR 83.4.a.2.g (attorneys in practice before this district "must not . . .

20   [e]ngage in excessive, **abusive discovery**, or delaying tactics")(emphasis added); <u>see

21   also</u> CivLR 83.4.a.2.c. ("attorneys in practice before this district "must not . .

22   .[k]nowlingly participate in litigation or any other proceeding that is **without merit** or

23   is designed to harass or drain the financial resources of the opposing party").

24

25   _____

26   [7/] The Court notes that conduct by both parties necessitated this Order, and to date, this
     is the only case in which the Court has issued such a directive.

27   [8/] The Court is aware that Plaintiffs' depositions occurred within one and two days of

28   the fact discovery deadline. Had Plaintiffs' errata had merit, the Court would have
     found no fault in the post-deadline errata notice.

Additionally, the Court finds that Defendant violated this Court's Civil Local Rules and Federal Rule 16 by asserting untimely objections to Plaintiffs' errata sheets. See CivLR 83.4.a.2.g (attorneys in practice before this district "must not . . . [e]ngage in excessive, abusive discovery, or **delaying tactics**")(emphasis added); see also Fed.R.Civ.P.16(f) ("...the court may issue any just orders...if a party or its attorney... fails to obey a scheduling or other pretrial order).

This Court's Civil Local Rules provide the Court with authority to impose sanctions for "[f]ailure of counsel or of any party to comply with these rules, with the Federal Rules of Civil or Criminal Procedure, or with any order of the court." CivLR 83.1.a. The Local Rules allow for "any and all sanctions authorized by statute or rule or within the inherent power of the court, including, without limitation, dismissal of any actions, entry of default, finding of contempt, imposition of monetary sanctions or attorneys' fees and costs, and other lesser sanctions." Id. Moreover, Rule 16(f) provides that the Court may order any "just" orders or sanctions for non-compliance. Fed.R.Civ.P. 16(f).

The Court shall impose a reasonable monetary sanction against both Plaintiffs' counsel and Defense counsel, in the amount of $500 per side, for violating Federal Rule of Civil Procedure 16, the Civil Local Rules of this District, this Court's Chambers Rules, prior pretrial Orders issued by this Court, and for wasting the time and resources of the Court on a dispute that (a) would never have occurred but for Plaintiffs submission of disingenuous errata; and (b) could have been significantly narrowed or resolved before coming to the Court but for Defendant's failure to diligently, promptly, and in good faith initiate meet and confer efforts. The Court finds the imposition of the sanctions upon counsel to be more appropriate than penalizing the parties for the failures of their counsel.

On or before **June 26, 2015**, counsel for Plaintiffs and counsel for Defendant shall each submit payment of the sanctions in the amount of $500, and submit verification of payment to the Court. The sanctions shall be paid to **the Miscellaneous**

1    **Fines, Penalties and Forfeitures, Not Otherwise Classified, fund of the United**

2    **States Treasury.**[2/]

3    IT IS SO ORDERED.

4    DATED:  May 26, 2015

5

6                                                  _____

7                                                  Hon. William V. Gallo
                                                   U.S. Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    _____

26    [2/] The Civil Local Rules instruct, "For violations of these Local Rules or of a specific
      court may, in imposing monetary sanctions, order that the monetary

27    sanctions be paid to the Miscellaneous Fines, Penalties and Forfeitures, Not Otherwise

28    Classified, fund of the United States Treasury."  CivLR 83.1.b.